536 A.2d 797

**Barbara HULL, Appellee,**

v.

**Wilfrido F. TOLENTINO, M.D., Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 25, 1987.

Decided Feb. 2, 1988.

Reargument Denied March 23, 1988.

Gilbert S. Solomon, Solomon & Olszewski, Pittsburgh, for appellant.

Henry H. Wallace, William Peter Chapas, Wallace, Chapas & Associates, Maureen Dunn Harvey, Pittsburgh, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## OPINION ANNOUNCING THE JUDGMENT OF THE COURT

LARSEN, Justice.

The issue presented for our consideration by this case is whether a pre-trial order which precludes a party from asserting an affirmative defense is final and thus appealable.

Appellee, Barbara Hull, was injured in an automobile accident on February 25, 1982. Approximately one year later, she executed a release in the amount of $93,000, discharging the driver of the vehicle which struck her and discharging "all other persons ... who might be liable ... on account of ... any and all known and unknown personal injuries and property damage resulting ... from [the] accident." Appellee was treated for the injuries she received in the accident by appellant, Dr. Tolentino. Appellee filed a

complaint in trespass against appellant on May 7, 1984, alleging unnecessary and improper surgery. Appellant filed an answer and new matter raising the statute of limitations as a defense. At her deposition in June, 1986, appellee revealed the existence of the aforementioned release. Appellee supplied further details regarding the release when she filed answers to interrogatories on September 4, 1986. On September 24, 1986, without written consent of counsel or leave of court,[1] appellant filed an amended new matter, pleading the release as an affirmative defense. The release itself was filed as a second amended new matter on September 30, 1986. Appellee filed a motion to strike appellant's amended new matter and second amended new matter. The Court of Common Pleas of Allegheny County entered an order striking the amended new matter and second amended new matter with prejudice.

Appellant filed an appeal to the Superior Court. The trial court refused to remove the case from the trial list during the pendency of the appeal, and appellant requested that Superior Court issue a stay. Superior Court dismissed the appeal as interlocutory, and appellant applied to this Court for a stay, which was granted. Subsequently, we granted appellant's petition for allowance of appeal, 515 Pa. 607, 529 A.2d 1081.

This Court set forth in *Adcox v. Pennsylvania Manufacturers Association Casualty Insurance Co.*, 419 Pa. 170, 213 A.2d 366 (1965), the rule that a pre-trial order precluding the assertion of an affirmative defense which raised pure questions of law is interlocutory and therefore unappealable; whereas a pre-trial order precluding the assertion of an affirmative defense which "prevented factual proof of matters which the trier of fact could have determined in favor of the pleader so as to provide him with a complete factual defense," is final. 419 Pa. at 174, 213 A.2d at 368.

---

**1.** Pa.R.Civ.P. Rule 1033 provides in relevant part:
  A party, *either by filed consent of the adverse party or by leave of court,* may at any time change the form of action, correct the name of a party or amend his pleading.
  (emphasis added).

The ramifications of this rule are obvious. If an affirmative defense turns on disputed facts and the trial court errs in precluding the assertion of that defense, the case must be retried if appellate review and a reversal occur after the entry of final judgment. Appellate consideration *before* trial in this circumstance would obviate the possible expense and burden of two trials. On the other hand, where an affirmative defense involves a question of law, the appellate court can simply apply the law to the outcome of the litigation should it find that the trial court abused its discretion in precluding the assertion of that defense.

Superior Court properly dismissed as interlocutory appellant Tolentino's appeal from the trial court order striking his amended new matter. Had Tolentino been permitted to plead the release, the question for the trial court would have been whether the release of all tortfeasors entered into between appellee, Hull, and a non-party would provide a defense for Tolentino. This was a question of law. After final judgment in the case, assuming appellee is the verdict winner, an appellate court can readily determine whether the trial court erred in striking the defense.

Accordingly, the order of Superior Court is hereby affirmed.

HUTCHINSON, former Justice, did not participate in the consideration or decision of this case.

NIX, C.J., filed a concurring opinion joined by McDERMOTT and ZAPPALA, JJ.

NIX, Chief Justice, concurring.

I agree with the majority's ruling upholding the Superior Court's dismissal of Dr. Tolentino's appeal as interlocutory. The issue raised was a question of law and can be adequately considered by an appellate tribunal in an appeal from the entry of the verdict below, if appellee ultimately prevails in that action against the doctor. *Adcox v. Pennsylvania Manufacturers Association Casualty Insurance Co.*, 419 Pa. 170, 213 A.2d 366 (1965). In that appeal a consideration

of the question by a reviewing court has not been foreclosed, but merely deferred to a later stage, if the question is still at issue.

I therefore concur in the judgment of the Court affirming the order of the Superior Court.

McDERMOTT and ZAPPALA, JJ, join in this opinion.