536 A.2d 1323

## Hope S. MINEO

v.

## Charles TANCINI, J.E. Smith, Inc., Paul Kevon Mermon and Commonwealth of Pennsylvania, Department of Transportation.

## Appeal of COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION.

Supreme Court of Pennsylvania.

Argued Sept. 25, 1987.

Decided Feb. 2, 1988.

Reargument Denied March 23, 1988.

LeRoy S. Zimmerman, Atty. Gen., Gregory R. Neuhauser, Harrisburg, for appellant.

David S. Shrager, Shrager, McDaid and Loftus, P.C., Joanna Hamill Flum, Philadelphia, for Hope S. Mineo.

Gilbert P. High, Jr., High, Swartz, Roberts and Seidel, D. Barry Pritchard, Jr., Norristown, for J.E. Smith, Inc.

William H. Kinkead, III, Wright, Manning and Sagendorph, Norristown, for Paul Kevon Mermon.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## ORDER

PER CURIAM:

The Court being equally divided, the Order of the Superior Court 349 Pa.Super. 115, 502 A.2d 1300 (1986) is affirmed.

HUTCHINSON, former Justice, did not participate in the consideration or decision of this case.

LARSEN, J., files an opinion in support of affirmance in which FLAHERTY and PAPADAKOS, JJ., join.

NIX, C.J., files an opinion in support of reversal in which McDERMOTT and ZAPPALA, JJ., join.

## OPINION IN SUPPORT OF AFFIRMANCE

LARSEN, Justice.

The issue presented for our consideration in this case is whether a pre-trial order which precludes a party from asserting an affirmative defense is final and thus appealable.

Appellee, Hope Mineo, sustained serious personal injuries as the result of a collision which occurred on January 1, 1978. The vehicle in which she was a passenger was struck in the rear by a dump truck operated by a driver who was employed by appellant, Commonwealth of Pennsylvania, Department of Transportation (PennDOT). Appellee filed a complaint in trespass in the Court of Common Pleas of Montgomery County against PennDOT and several co-defendants. PennDOT filed an answer and new matter raising sovereign immunity as a defense.

During a pre-trial conference held on June 2, 1981, PennDOT argued that appellee's then-discharged attorney had agreed to settle the case on behalf of his client. The court ruled that no settlement had occurred in that appellee did not sign a release and did not accept a settlement check from PennDOT. On October 30, 1981, PennDOT petitioned the court to have the matter marked settled and discontinued, arguing again that appellee's former attorney had agreed to settle the case. PennDOT's petition was denied. On November 28, 1981, PennDOT filed a petition for leave to amend new matter to plead settlement as a defense. PennDOT did not file a praecipe for argument on its petition, as required by local rule of court, until July 9, 1982. Following oral argument on September 14, 1982, the trial court issued an order denying PennDOT's petition for leave to amend new matter. PennDOT did not file an appeal from this order. Instead, PennDOT requested that the court certify its order as involving a controlling question of law for purposes of lodging an immediate appeal. On October 14, 1982, the trial court entered an order denying the requested certification. Pursuant to Pa.R.A.P.Rule 1311 (Interlocutory Appeals by Permission), on October 14, 1982, PennDOT filed a petition for review with Commonwealth Court from the October 14, 1982 order denying PennDOT's request to certify the trial court's September 14, 1982 order denying PennDOT's petition for leave to amend new matter, as involving a controlling question of law, and that petition was denied. No appeal was taken from this denial.

On October 18, 1982, the first day of trial, PennDOT renewed its motion to amend to plead a joint tortfeasor release. The trial court denied this motion. The case was tried by a jury which returned a verdict in favor of appellee in the amount of $2,360,000.00. Eighty-five percent of the negligence was attributed to the dump truck driver who was found to be in PennDOT's employ at the time of the accident. The trial court molded the verdict to include delay damages, interest and costs, and later, reduced the verdict to reflect a joint tortfeasor release entered into between appellee and the driver of another vehicle involved in the accident, co-defendant Tancini. PennDOT, on March 21, 1984, appealed to Superior Court the verdict and the issue raised by the trial court's September 14, 1982 order denying PennDOT's petition to amend new matter to plead a settlement. Superior Court affirmed (per Spaeth, P.J.; Johnson, J.; and Shoyer, JJ.), ruling that the trial court's September 14, 1982 order denying PennDOT's petition for leave to amend new matter was a final order, consideration of which had been waived by PennDOT's failure to take a direct appeal from *that* order by filing a notice of appeal within thirty days of the date it was entered. We granted PennDOT's petition for allowance of appeal.

In *Hull v. Tolentino*, 517 Pa. 328, 536 A.2d 797 (1988), this Court stated that a "pre-trial order precluding the assertion of an affirmative defense which 'prevented factual proof of matters which the trier of fact could have determined in favor of the pleader so as to provide him with a complete factual defense,' is final" and thus, appealable. 517 Pa. at 330, 536 A.2d at 798.

It is clear that Superior Court correctly dismissed as waived PennDOT's challenge to the trial court's September 14, 1982 order denying it leave to amend new matter to assert settlement as a defense. Had PennDOT been given leave to amend to plead a settlement, it would have had to prove at trial that a settlement in fact existed. The underlying dispute was whether appellee, Mineo, had given her attorney authority to settle with PennDOT. This was a

factual matter, and thus, PennDOT was required to appeal the trial court's September 14, 1982 order denying it leave to amend new matter within thirty days after the date on which it was entered. PennDOT failed to do so.[1]

Accordingly, being equally divided, the order of the Superior Court is hereby affirmed.

FLAHERTY and PAPADAKOS, JJ., join in this opinion.

HUTCHINSON, former Justice, did not participate in the consideration or decision of this case.

NIX, C.J., filed an opinion in support of reversal joined by McDERMOTT and ZAPPALA, JJ.

## OPINION IN SUPPORT OF REVERSAL

NIX, Chief Justice.

I am constrained to express my disagreement with the resolution of this appeal. The opinion authored by Mr. Justice Larsen reverts to the sophistry of the old common law pleading practices to deny PennDOT an opportunity to have its claim of a valid settlement reviewed thereby precluding further recourse to a reviewing court. In this instance the effect of this foreclosure has been to require the taxpayers of this Commonwealth to absorb a verdict of over two million dollars without an opportunity to have an appellate court consider the validity of a proffered defense which would have precluded this award. In the opinion supporting affirmance, Mr. Justice Larsen contends that the trial court's ruling that no settlement had occurred was a final order and should have been immediately appealed. Assuming the correctness of this premise, they ignore the fact that PennDOT did in fact attempt to seek immediate appellate review and that opportunity was denied by the

1. PennDOT filed a petition for review with Commonwealth Court from the trial court's October 14, 1982 order refusing to certify, as involving a controlling question of law, its September 14, 1982 order denying PennDOT leave to amend to plead settlement as a defense. Commonwealth Court denied the petition for review and no appeal was taken therefrom.

intermediate appellate court and is being confirmed by the decision today.

The explanation given for this harsh result is that Penn-DOT labeled the issue as an interlocutory one and sought certification of the matter as a controlling question of law. The opinion in support of affirmance concedes that the order was properly reviewable at that time but justifies this denial of review because the appeal was not labeled as a final one.[1] The injustice was further compounded when an appeal from the verdict was taken and the issue was again raised. Even at that point, PennDOT was denied review because the issue was determined to have been waived. While this scenario could well serve as the plot in slap-stick comedy, it should not provide the basis for a ruling emanating from the 20th century court system.

McDERMOTT and ZAPPALA, JJ., join in this opinion.

1. If we accept that the order was a final one as the opinion in support of affirmance concedes, there was no need for certification and the appeal should have been permitted as a matter of right. However, both the trial court and the Commonwealth Court (*Commonwealth of Pennsylvania, Department of Transportation v. Hope Mineo, et al.,* No. 2519 C.D.1982) dismissed without acknowledging that the order was a final one, and therefore, appealable as a matter of right.

The petition for review and the application for supersedeas were filed in the Commonwealth Court by PennDOT asserting jurisdiction of that court pursuant to 42 Pa.C.S. § 762(a)(1) and Pa.R.A.P., Rule 1311, official note. No challenge was made in reference to the jurisdiction of the Commonwealth Court.