547 A.2d 1184

**Robert E. SCHROEDER, on Behalf of Himself and all Others Similarly Situated,**

**v.**

**ACCELLERATION LIFE INSURANCE COMPANY OF PENNSYLVANIA, Appellant.**

Superior Court of Pennsylvania.

Argued April 13, 1988.

Filed Aug. 17, 1988.

Reargument Denied Oct. 7, 1988.

Anthony F. Jeselnik, Pittsburgh, for appellant.

Ellen M. Doyle, Pittsburgh, for appellee.

Before ROWELY, DEL SOLE and MONTGOMERY, JJ.

DEL SOLE, Judge:

■ This is an appeal from a trial court order which denied Appellant the right to amend its New Matter to assert as an affirmative defense a three year contractual limitation period.[1]

1.  In *Hull v. Tolentino,* 517 Pa. 328, 536 A.2d 797 (1988) and *Mineo v. Tancini,* 517 Pa. 335, 536 A.2d 1323 (1988) the Supreme Court has recently reaffirmed its holding in *Adcox v. Pennsylvania Manufactures Association Casualty Insurance Co.,* 419 Pa. 170, 213 A.2d 366 (1965): "a pre-trial order precluding the assertion of an affirmative defense which raised pure questions of law is interlocutory and therefore unappealable; whereas a pre-trial order precluding the assertion of an affirmative defense which 'prevented factual proof of matters which the trier of fact could have determined in favor of the pleader so as to provide him with a complete factual defense,' is final." *Hull v. Tolentino,* 536 A.2d at 798. In the case at bar we are presented with a pre-trial order precluding the assertion of a defense based upon a contractual limitation period. We see no difference between a limitation based upon contract from one based upon statute, and we note that a determination regarding the applicability of a statute of limitations often raises both factual and legal questions. *Cathcart v. Keene Indus. Insulation,* 324 Pa.Super. 123, 471 A.2d 493 (1984). An *en banc* panel of this court has found that the refusal to allow an appellant "an opportunity to present the proposed affirmative defense of the statute of limitations put appellant 'out of court' as to that defense" and was final and appealable. *Joyce v. Safeguard Mutual Ins. Co.,* 362 Pa.Super. 522, 524 A.2d 1362, 1363 (1987). Following the precedent of *Joyce v. Safeguard Mutual Ins. Co., Id.,* we find the instant order constitutes a final order for purposes of appeal. However, we again note that the law in this area is not clear and often it is dangerous to

The underlying action was initiated on April 18, 1986 when a complaint was filed by Robert E. Schroeder, on behalf of himself and all others similarly situated, against Appellant, Acceleration Life Insurance Company of Pennsylvania. Mr. Schroeder had purchased Credit Life and Disability Insurance from Appellant and had attached a copy of the disability insurance policy to his Complaint. Contained within the policy was language limiting the time in which an action may be brought to "3 years after the time written proof of loss is required to be furnished." On July 14, 1986, Appellant filed an Answer, New Matter and Counterclaim. The contractual limitation period was not referred to in Appellant's pleadings. Appellee replied to Appellant's New Matter and Counterclaim and interrogatories were filed. In December a hearing was held on the Motion for Class Certification. The court granted the certification and identified the class as insureds who made payments to their creditors after April 17, 1980. In accordance with the court's order Appellee filed a proposed form of notice. Appellant filed objections to the proposed notice to class members on February 13, 1987. These objections to the proposed notice made reference to the restriction contained in the contractual limitation. However, it was not until July 10, 1987, when Appellant presented to the court its Motion for Leave to File Amendment to Answer and New Matter which sought to include as an affirmative defense the contractual limitation. The trial court's denial of this motion is the subject of the instant appeal.

■ A decision to grant a motion to amend a pleading is a matter for the exercise of judicial discretion in the trial court. *Kilian v. Allegheny County Distributors*, 409 Pa. 344, 347, 185 A.2d 517, (1962). However, amendments to pleadings should be liberally allowed in order to secure a determination of cases on their merits, except in those

litigants and lawyers. We call upon the Appellate Rules Committee to undertake a total "re-examination and re-evaluation" in an effort to clearly define the parameters of final and appealable orders. *See: Zarnecki v. Shepegi*, 367 Pa.Super. 230, 532 A.2d 873 (1987) (Dissent by Del Sole, J. 532 A.2d at 881).

instances where surprise or prejudice to the other party would result, or where the proposed amendment is against a positive rule of law. *Posternack v. American Casualty Company of Reading*, 421 Pa. 21, 218 A.2d 350 (1966). Although not dispositive of the issue, long unexplained delay between the original pleading and the motion to amend will be considered as a factor in deciding whether to permit the amendment. *Tanner v. Allstate Ins. Co.*, 321 Pa.Super. 132, 467 A.2d 1164, 1169 (1983).

■ In denying Appellant's motion to amend the trial court stated:

> Counsel for the defendant, as evidenced by the total record in this case, has vigorously resisted the claims asserted herein, both substantively and procedurally, not only in this court but also in the Superior Court, and, in so doing, has proven what *Janicik*, supra, presumes; this coupled with the defendant's long-time knowledge of the contractual limitation as well as its counsel's acquiring knowledge thereof prior to the filing of the Answer and New Matter evidences a deliberate choice not to raise the defense of the contractual limitation. Having done so we will not permit the defendant to change its position for its sole profit and to the detriment of the identified six (6) year class; to do so would also further burden the representative plaintiff and the orderly procedures of the court.

(Trial court opinion at 11–12 citing *Janicik v. Prudential Ins. Co. of America*, 305 Pa.Super. 120, 451 A.2d 451 (1982)). Concluding that Appellant had by its actions evidenced a waiver of this affirmative defense the trial court denied Appellant's motion. Although limitations on the time to commence suit contained in a contract of insurance have been held to be valid and enforceable, the courts of this jurisdiction have held that a provision of this nature may be extended or waived where the actions of the insurer leads the insured to believe the limitation period will not be relied upon. *Commonwealth v. Transamerica Insurance Co.*, 462 Pa. 268, 274, 341 A.2d 74 (1975). As noted the by

trial court, Appellant was obviously aware of the contractual limitation since it drafted the contract in question, a copy of which was attached to plaintiff's complaint. Nevertheless, Appellant chose to wait nearly one year after filing of its original Answer and New Matter to seek an amendment to assert this affirmative defense. The only justification offered by Appellant for its oversight in failing to include the defense in its original pleadings was that it did not anticipate such a broad class definition. Appellant did not maintain, nor could it, that it was unaware of this defense, or that it was not legally entitled to assert this defense at the time it filed its original pleading. *Contrast: Tanner v. Allstate Ins. Co. Supra.* (where amendment sought to assert certain defenses in light of the Supreme Court's pronouncement in a related case which occurred after the original pleadings were filed.); *Carpitella by Carpitella v. Consolidated Rail Corporation,* 368 Pa.Super. 153, 533 A.2d 762 (1987), (where party seeking amendment asserted that it did not know of defenses at earlier date). *Kilian v. Allegheny County Distributors, supra.* (where amendment sought on basis of recent Supreme Court decision which impacted on jurisdictional question.)

In view of Appellant's actions and Appellee's reliance thereon, it cannot be said the the trial court committed an abuse of discretion in ruling that Appellant waived its newly asserted defense and in therefore denying Appellant's petition to amend.

Order affirmed.

ROWLEY, J., files a dissenting opinion.

ROWLEY, Judge, dissenting:

I respectfully dissent because in my opinion the appeal is interlocutory and should be quashed.

The Pennsylvania Supreme Court has addressed the question of the appealability of a pre-trial order denying a motion to amend an answer and/or new matter, or striking new matter which raised an affirmative defense, and has repeatedly held that such an order is final if it precludes

proof of factual matters which the fact finder could have determined in favor of the defendant thereby establishing a complete *factual* defense. However, where the pre-trial order merely precludes a *legal* defense which does not require proof of disputed facts to establish the legal defense, the order is interlocutory.

This rule was first set forth in *Adcox v. Pennsylvania Manufacturers Association Casualty Insurance Co.,* 419 Pa. 170, 213 A.2d 366 (1965). In *Adcox,* new matter of the defendant was stricken, and an immediate appeal was taken from the order striking the new matter. The substance of the new matter was that the defendant was immune from liability under a workmen's compensation insurance policy because the injury occurred beyond the scope of the Workmen's Compensation Act inasmuch as it was due to the alleged failure of the company to inspect the machine which caused the injury, which inspection the company was not required to perform. The appellee filed a motion to quash the appeal as interlocutory. The court held that the order striking the new matter was interlocutory because it raised exclusively a *legal* question as to whether there was a duty to make the inspection and the status between the employer and the defendant insurance company. The court expressly distinguished *Adcox* from prior cases in which

> the striking of new matter prevented factual proof of matters which the trier of fact could have determined in favor of the pleader so as to provide him with a complete factual defense.

*Adcox, Id.,* 419 Pa. at 174, 213 A.2d at 368. Therefore, the appeal was quashed.

Recently, in *Hull v. Tolentino,* 517 Pa. 328, 536 A.2d 797 (1988), an appeal was taken from an order striking a defendant doctor's new matter which had raised the affirmative defense of a release from liability. Although there is only a plurality opinion of three justices in this case, all six justices participating in the decision agreed that the issue raised by the doctor's new matter presented only a question of law,

and for that reason, the order precluding him from raising the legal defense was interlocutory.

The same day that *Hull* was decided, the Supreme Court also handed down its decision in *Mineo v. Tancini,* 517 Pa. 335, 536 A.2d 1323 (1988). *Mineo* involved an appeal from a final judgment which raised the issue of whether a pre-trial order which had denied the defendant permission to amend its new matter to assert the affirmative defense of settlement was a final or interlocutory order. The three justices who joined in the Opinion in Support of Affirmance applied the rule that if the determination to preclude the amendment to new matter raised a factual issue, then the order denying permission to amend the new matter was final and had to be appealed, if at all, within 30 days of the entry of the order. Because the new matter which the defendant wanted to include in the new matter was a settlement by the plaintiff, and because this raised a factual question as to whether or not the prior settlement which had been reached had been authorized by the plaintiff, the Opinion in Support of Affirmance determined that the order denying permission to amend the new matter was final and appealable. The plurality further determined that since no appeal was taken from the pre-trial order denying permission to amend the new matter until after judgment was entered on the jury's verdict, the issue of whether the court erred in denying permission to amend the new matter to raise the affirmative defense had been waived.

The three justices who joined in the Opinion in Support of Reversal did not address the issue of whether the order denying permission to amend the new matter was final or interlocutory. Rather, they stated that assuming the order was final and appealable, they would still reverse because the appellant had in fact tried to take an appeal from the order immediately after it was entered, but the Commonwealth Court had denied them the opportunity to do so. Therefore, they would not consider the issue of the propriety of the order denying permission to amend the new

matter to have been waived for failure to take an immediate appeal from the order relating thereto.

Based on this review of the Supreme Court's decision in *Adcox, Hull* and *Mineo,* it is my opinion that the rule initially established in *Adcox* has not been abandoned or abrogated by the Supreme Court. Although neither *Hull* nor *Mineo* is a majority decision, the *Adcox* rule appears to have been at least implicilty followed by a majority of the court in *Hull,* and although not applied by a majority in *Mineo,* it also was not rejected by any of the justices. The majority in the present case do not apply the *Adcox* rule, but instead rely on *Joyce v. Safeguard Mutual Ins. Co.,* 362 Pa.Super. 522, 524 A.2d 1362 (1987), in which an en banc panel of the Superior Court decided that an order precluding a party from presenting an affirmative defense based on the statute of limitations was final and appealable because it put the defendant out of court on that defense.

In my opinion, we cannot ascertain definitively from the published decision in *Joyce* whether or not the *Adcox* rule was in fact followed. In *Joyce,* the defendant did not file any answer to the complaint. Eight days before the case was scheduled to be heard by a board of arbitrators, defendant filed a motion to file an answer and new matter in which it wanted to raise the statute of limitations as a defense. The motion was denied, and an appeal was immediately taken. On appeal, appellant argued that the trial court erred as a matter of law when it denied the motion as untimely without consideration of whether there was any prejudice. After noting that an appeal will lie only from a final order, the court en banc set forth its entire discussion of the appealability of the order in question as follows:

> Our study of whether an order is final and appealable must go beyond the technical effect of the order to an examination of the practical ramifications of the ruling. That study here requires a finding that the order is *sufficiently* final to allow review, since the refusal to allow appellant an opportunity to present the proposed affirmative defense of the statute of limitations put ap-

pellant "out of court" as to that defense. (Citations omitted.) Having determined that the order was final and appealable, we proceed to consider the merits of the appeal. (Emphasis added.)

*Joyce, Id.,* 362 Pa.Superior Ct. at 525, 524 A.2d at 1363.

It cannot be determined from the limited facts recited in *Joyce* if the court's order refusing to allow the defendant in *Joyce* to raise the statute of limitations defense "prevented factual proof of matters which the trier of fact could have determined in favor of the pleader so as to provide him with a complete factual defense." Whether a statute of limitations defense is a legal or factual question depends on the circumstances of each case. As we stated in *Cathcart v. Keene Industrial Insulation,* 324 Pa.Super. 123, 139, 471 A.2d 493, 502 (1984), "Whether the statute of limitations has run on a claim is *usually* a question of law for the judge; however at times, a factual determination by the jury may be required."

In light of the fact that we cannot determine that the defense which was precluded in *Joyce* raised only a legal issue, only a factual issue, or a mixed question of law and fact, and despite the fact that the court in *Joyce* did not *expressly* apply the *Adcox* rule, I think it is inappropriate to presume that the Supreme Court's *Adcox* rule was not in fact followed in *Joyce.* Moreover, if it could be determined that *Joyce* did not follow the *Adcox* rule, in my opinion we would nevertheless be bound to follow the *Adcox* decision especially in light of the the Supreme Court's *subsequent* decision in *Hull* in which all of the justices agreed on at least the narrow issue that because the pre-trial order precluding pleading of an affirmative defense raised only a legal issue, the pre-trial order was interlocutory. Therefore, I would apply the *Adcox* test to the facts of the present case to determine whether or not the order appealed from is interlocutory or final.

In the present case, appellant was precluded from amending its new matter to raise the affirmative defenses of the statute of limitations and contractual limitations. However,

530

in the proposed amendment to the new matter, no factual allegations are set forth. Rather the only assertion in the proposed new matter is the legal conclusion that the claims are precluded by the period of limitations described in the insurance summary and by the statute of limitations, 42 Pa.C.S. § 5525(8). Appellant does not argue, and my review of the record does not reveal that the order denying appellant permission to amend its new matter raises any factual issues. Therefore, I would quash the instant appeal.