590 A.2d 1314

**CITY OF PHILADELPHIA, et al., Appellants,**

**v.**

**Debra A. AGRESTA, Adminix. of the Estate of Samuel Jerome Agresta, et al., Appellees.**

Commonwealth Court of Pennsylvania.

Argued April 4, 1991.

Decided April 5, 1991.

Designated as Opinion to be Reported May 7, 1991.

As Corrected July 17, 1991.

8

David A. Soltz, Philadelphia, for appellants.

Jonathan D. Bennett, with him, Edward A. Rudley, Philadelphia, for appellees.

## ORDER

April 4, 1991

Appellees' amended motion to quash this appeal is granted, because the March 18, 1991 order is an unappealable, interlocutory order.

Treating the notice of appeal as a petition for permission to appeal under Pa.R.A.P. 1311(b), permission to appeal is denied.

An opinion will follow.

BYER, Judge.

This is a wrongful death action involving alleged tortious conduct by Philadelphia police officers. It is scheduled to commence trial on April 8, 1991.

On March 18, 1991, the trial court entered an order which stated, among other things, "[t]he City of Philadelphia is estopped from asserting that City Council Bill No. 1057 is a defense to [this] action." The trial court amended this order on April 3, 1991 to clarify that it was entered in the course of denying the defendants' motion for summary judgment.

Philadelphia City Council Bill No. 1057, which was approved by the mayor on December 4, 1990, repeals Chapter 21–700 of The Philadelphia Code. This has the effect of abrogating the city's prior waiver of governmental immunity as a defense in cases involving certain police misconduct. The City of Philadelphia contends that Bill No. 1057 should be applied retroactively to this action.

The trial court, for reasons detailed in its memorandum opinion which accompanied the March 18, 1991 order, held that the City of Philadelphia is estopped from defending this action on the basis of Bill No. 1057, because of certain litigation conduct by the city. Essentially, the trial court concluded that the city had misled it and plaintiffs' counsel when the city obtained a continuance of the trial, which originally was scheduled to commence October 22, 1990, at a time when the court did not know that Bill No. 1057 had been introduced and, if passed, would purport to destroy the plaintiffs' cause of action retroactively.

In its opinion, the trial court purposefully did not decide the question of whether Bill No. 1057 could have the intended retroactive effect, because the ruling on estoppel disposed of the defense.

The March 18, 1991 order also states, "[t]he Court grants permission to the Defendant, City of Philadelphia, to appeal the ruling of this Court denying its Motion for Summary Judgment (42 Pa.C.S.A. 702(b))...."

█ Because it considered the March 18, 1991 order to be a final and appealable order, rather than an interlocutory order appealable only by permission, the City of Philadelphia did not file a petition for permission to appeal under Pa.R.A.P. 1311(b). Instead, it filed a notice of appeal from the March 18, 1991 order. Plaintiffs moved to quash the appeal, and amended their motion after the trial court filed its April 3, 1991 amended order. Plaintiffs contend that the order is interlocutory and, therefore, not appealable as of right.

There are circumstances under which a pretrial order precluding a defendant from raising an affirmative defense is deemed final for purposes of appeal. *See, e.g., Commonwealth, Department of Environmental Resources v. Wheeling–Pittsburgh Steel Corp.,* 473 Pa. 432, 375 A.2d 320, *cert. denied,* 434 U.S. 969, 98 S.Ct. 514 (1977); *Halfway Coal Yard, Inc. v. County of Centre,* 113 Pa.Commonwealth Ct. 192, 536 A.2d 860 (1988); *Zarnecki v. Shepegi,*

367 Pa.Superior Ct. 230, 532 A.2d 873 (1987) (en banc), *appeal denied*, 518 Pa. 643, 542 A.2d 1371 (1988). However, not all such orders are appealable.

In *Hull v. Tolentino*, 517 Pa. 328, 536 A.2d 797 (1988), the Supreme Court clarified the appealability of such orders, holding that pretrial orders precluding an affirmative defense are appealable only where preclusion of the defense prevents the introduction of facts into evidence at trial, as distinct from an affirmative defense which is to be determined purely as a question of law. The opinion by Justice Larsen[1] explained the reason for this distinction:

> If an affirmative defense turns on disputed facts and the trial courts errs in precluding the assertion of that defense, the case must be retried if appellate review and a reversal occur after the entry of final judgment. Appellate consideration *before* trial in this circumstance would obviate the possible expense and burden of two trials. On the other hand, where an affirmative defense involves a question of law, the appellate court can simply apply the law to the outcome of the litigation should it find that the trial court abused its discretion in precluding the assertion of that defense.

*Id.*, 517 Pa. at 331, 536 A.2d at 798–99 (emphasis in original).

To paraphrase: if the remedy for the erroneous preclusion of an affirmative defense would be the entry of judgment notwithstanding the verdict, the order is interlocutory and not appealable as of right; but where the remedy for the erroneous preclusion of an affirmative defense would be a new trial, then the order is considered to be a final order and, therefore, appealable as of right.

 The decisive question is whether the preclusion of the affirmative defense would have any impact on the trial

---

**1.** The opinion of Justice Larsen is a plurality opinion. However, the concurring opinion of Chief Justice Nix, joined by Justice McDermott and Justice Zappala, demonstrates that a majority of the Supreme Court agreed that an order precluding an affirmative defense which is to be determined purely as a question of law is interlocutory and not appealable as a final order.

of the underlying tort action in this case. I conclude that the preclusion of the affirmative defense will have no impact on the trial of this case, and a new trial would not be required if appellate review were postponed and the preclusion order were reversed after entry of judgment following a trial.

If City Council Bill No. 1057 could be raised as a defense by the City of Philadelphia in the underlying tort action in this case, the impact would be to eliminate the blanket waiver of governmental immunity and require that the action be governed by the principle of governmental immunity and any applicable exceptions under 42 Pa.C.S. §§ 8541, *et seq.* Although there are cases where the applicability of an exception to governmental immunity may be controlled by the jury's determination of facts, this is not such a case.

At oral argument on the motion to quash, neither counsel for the city nor counsel for the plaintiffs could demonstrate convincingly any instance in which the evidence at trial would differ depending upon whether the city is able to raise Bill No. 1057 as a defense. Indeed, counsel for plaintiffs virtually concedes that plaintiffs would not be able to establish any exception to governmental immunity under 42 Pa.C.S. § 8542, with the result that plaintiffs would not be able to get to the jury if the city is able to defend on the basis of Bill No. 1057. The evidence which plaintiffs would introduce at trial would be the same regardless of whether Bill No. 1057 is available as a defense.

Similarly, counsel for the city was unable to demonstrate any instance in which its evidence at trial would be different if it were able to defend the case under Bill No. 1057. Instead, the city argues in its memorandum in opposition to the motion to quash that the trial court's determination of an estoppel is based upon facts which the city disputes. The city further contends that it is entitled to an evidentiary hearing on those facts and that this brings the case within the realm of appealability recognized under *Hull v. Tolentino, supra.* I disagree.

The fallacy of the city's argument is that the facts which would control the application of estoppel are not facts which would be determined by a jury in the underlying tort action. Because the trial court based its imposition of an estoppel on the litigation conduct of the city rather than on any conduct connected with the underlying claim, there would be no basis ever to submit any aspect of the estoppel question to a jury.

If appellate review of the preclusion order were postponed until entry of final judgment, assuming it is in favor of plaintiffs, and an appellate court were to determine that the trial court erred in imposing an estoppel without conducting an evidentiary hearing, an appellate court could remand the case for an evidentiary hearing and then review the propriety of the preclusion order on the basis of the facts determined on remand. This would not require a new trial of the underlying tort action. I, therefore, cannot agree with the city's position that such a remand would be the "functional equivalent of a new trial" for purposes of appealability under *Hull v. Tolentino, supra.*

If we were to postpone appellate review of the preclusion order in this case, the remedy for an erroneous preclusion would be the entry of judgment notwithstanding the verdict, assuming the verdict is against the city. Once an appellate court would hold that the city should have been able to defend on the basis of Bill No. 1057, the appellate court simply would review the record in light of Bill No. 1057 and apply the law to the facts. The preclusion order, therefore, is not appealable as of right.

This conclusion is bolstered by *Bruno v. Elitsky,* 515 Pa. 47, 526 A.2d 781 (1987). In *Bruno,* the court held that an order striking a defendant's new matter as a discovery sanction would not be considered appealable even though such an order might be considered "final" outside the context of a discovery sanction. *See Commonwealth, Department of Transportation v. Kmetz,* 129 Pa.Commonwealth Ct. 97, 564 A.2d 1040 (1989), *appeal denied,* 525 Pa. 637, 638, 578 A.2d 931 (1990). Here, the order precluding

the city's defense by reason of litigation conduct giving rise to an estoppel essentially is in the nature of a sanction for the litigation conduct. Therefore, *Bruno* provides additional support for quashing the appeal. *See also Fox v. Gabler,* 377 Pa.Superior Ct. 341, 547 A.2d 399 (1988); *Joyce & Assoc. v. Pivirotto,* 358 Pa.Superior Ct. 50, 516 A.2d 763 (1986); *Elderkin, Martin, Kelly, Messina & Zamboldi v. Sedney,* 354 Pa.Superior Ct. 253, 511 A.2d 858 (1986); *Miller Oral Surgery, Inc. v. Dinello,* 342 Pa.Superior Ct. 577, 493 A.2d 741 (1985); *McManus v. Chubb Group of Insurance Companies,* 342 Pa.Superior Ct. 405, 493 A.2d 84 (1985).[2]

■ Although it failed to file a petition for permission to appeal, because of its position that the March 18, 1991 order is final, the city now requests that its notice of appeal be treated as a petition for permission to appeal. I will, as a matter of discretion, grant that request, but I nevertheless will deny permission to appeal.

An interlocutory appeal by permission is appropriate only where the trial judge finds that the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter...." 42 Pa.C.S. § 702. The trial judge here did not expressly make these findings, but merely granted "permission to the Defendant, City of Philadelphia, to appeal...." In so doing, the trial judge did cite 42 Pa.C.S. § 702, so I will assume the trial judge intended this citation to be an incorporation of the language prescribed by the statute.

Nevertheless, I conclude that this is not an appropriate case for our court to grant permission to appeal an interlocutory order, notwithstanding what I assume to be the

**2.** Our decisions in *Kirsch v. Parking Authority of City of New Castle,* 108 Pa.Commonwealth Ct. 259, 529 A.2d 604 (1987), *appeal denied,* 517 Pa. 619, 538 A.2d 501 (1988), and *Marshall v. Southeastern Pennsylvania Transportation Authority,* 76 Pa.Commonwealth Ct. 205, 463 A.2d 1215 (1983), do not appear to be "good law" on the appealability question in light of *Bruno.*

finding of the trial court, because the order does not involve a controlling question of law and appellate review at this time would delay rather than advance the ultimate disposition of the case.

As noted above, the trial court's decision to preclude the affirmative defense was based solely upon the city's litigation conduct, which the trial court held resulted in an estoppel. This is based almost solely on the facts as perceived (if not found) by the trial court and is more in the nature of a sanction to be reviewed on an abuse of discretion basis than the determination of a controlling question of law.

Furthermore, this case is scheduled to commence trial in four days. Counsel for the city estimated that trial would consume three weeks. If I were to grant permission to appeal, this appeal would not be scheduled for argument until September at the earliest. Therefore, allowing an interlocutory appeal by permission would delay rather than "materially advance the ultimate termination of the matter."

For these reasons, I have entered an order quashing the appeal and denying the "deemed" petition for permission to appeal.