J-A26015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| L.S. SADLER, INC. T/D/B/A TSF GLOBAL, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ELOOP, LLC, | |
| Appellee | No. 1905 WDA 2015 |

Appeal from the Order Entered November 4, 2015
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): G.D. 12-003134

BEFORE: BENDER, P.J.E., RANSOM, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED DECEMBER 12, 2016**

Appellant, L.S. Sadler, Inc. t/d/b/a TSF Global (referred to herein as "Sadler"), appeals from the trial court's November 4, 2015 order granting Appellee's, eLoop, LLC (referred to herein as "eLoop"), motion for leave to amend new matter and motion for summary judgment. After careful review, we affirm.

Sadler sets forth the facts and procedural history of this case as follows:[1]

_____

[1] We rely upon Sadler's recitation of the background of this case because "[w]hen considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. … [T]he trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party…." **Summers v. Certainteed Corporation**, 997 A.2d 1152, 1159 (Pa. 2010) (citations omitted).

Appellant, L.S. Sadler, Inc., t/d/b/a TSF Global [], commenced this action by filing [] a Complaint in the Court of Common Pleas of Allegheny County on February 14, 2012, arising out of a March 1, 2010 Letter of Intent [(hereinafter the "LOI")] between [Sadler] and [] [Appellee], eLoop, LLC …. Following a series of preliminary objections and other procedural events, [Sadler] filed a Second Amended Complaint on September 17, 2012, which became the operative initial pleading in this action. The Second Amended Complaint asserted seven (7) separate Counts against … eLoop …, including Breach of Contract (Count I); Breach of Implied In-Fact Contract (Count II); Promissory Estoppel (Count III); Quantum Meruit (Count IV); Fraud in the Inducement (Count VII); Misrepresentation in the Inducement (Count VIII); and Action for Declaratory Judgment (Count X).

[eLoop] filed its Answer to [Sadler's] Second Amended Complaint and New Matter on or about October 11, 2012, in which it asserted multiple boilerplate defenses, including but not limited to "fraud", "no legally cognizable and/or enforceable interest" in the LOI; and "the equitable doctrines of estoppel and/or unclean hands." However, nowhere in its Answer to the Second Amended Complaint did [eLoop] allege that [Sadler] committed "bankruptcy fraud;" or that [Sadler's] claims were barred by the doctrine of "judicial estoppel" on the basis of [Sadler's] allegedly having failed to make proper disclosures of assets in previous or ongoing bankruptcy proceedings.[2] These defenses were simply absent from [eLoop's] original New Matter, let alone pled in a manner consistent with the requirements of

_____

[2] Sadler does not dispute that this lawsuit should have been included in its asset disclosures to the bankruptcy court. **See** Sadler's Brief at 33 (acknowledging its "failure to include its claims in the present action in its asset disclosures filed in Chapter 11 bankruptcy proceedings…"). By statute, "[t]he bankruptcy estate includes all legal or equitable interests of the debtor in property as of the commencement of the case." **Morrison Informatics, Inc. v. Members of 1st Credit Union**, 97 A.3d 1233, 1239 (Pa. Super. 2014) (citing 11 U.S.C. § 541(a)(1)) (quotations omitted), *aff'd*, 139 A.3d 1241 (Pa. 2016). "This includes causes of action, which are considered property of the bankruptcy estate 'if the claim existed at the commencement of the filing and the debtor could have asserted the claim on his own behalf under state law.'" **Id.** (citation omitted).

Pa. R.C.P. 1019(b), which requires that averments of fraud or mistake to be "averred with particularity." [eLoop], in fact, made no reference whatsoever in its original New Matter to any previous Chapter 11 bankruptcy filing by [Sadler], let alone to any alleged misconduct by [Sadler] in the filing of its asset disclosures in those proceedings.

On or about June 29, 2015, more than three (3) years after [Sadler] commenced this action, and more than five (5) years after [Sadler] had filed for Chapter 11 reorganization, [eLoop] filed a Motion for Summary Judgment (hereinafter the "MSJ"). [eLoop's] MSJ was the first filing of record in this action to allege that [Sadler's] claims should be barred on the basis of "bankruptcy fraud" or "judicial estoppel" arising out of failure to disclose the LOI between the parties to this action as an asset in [Sadler's] previous Chapter 11 bankruptcy proceedings, more than three (3) years after [Sadler] commenced this action, and more than five (5) years after [Sadler] filed for Chapter 11 reorganization.

On September 9, 2015, [Sadler] filed its Brief in Opposition to [eLoop's] Motion for Summary Judgment, in which [Sadler], in addition to opposing the merits of [eLoop's] Motion, advised the Trial Court that [eLoop] had never previously raised or asserted any of the purported defenses pursuant to which [eLoop] was seeking summary judgment, in that said defenses appeared nowhere in [eLoop's] Answer to [Sadler's] Second Amended Complaint and New Matter. In response, on October 13, 2015, [eLoop] filed a Motion for Leave to Amend its New Matter, in which [eLoop], for the first time in the three (3) years and eight (8) months this action had been pending, sought to raise, among other, the defense that [Sadler's] claims should be barred pursuant to the doctrine of judicial estoppel based upon [Sadler's] failure to disclose its LOI with [eLoop] as an asset in prior Chapter 11 bankruptcy proceedings.[3] On October 28,

---

[3] eLoop maintains that it "only moved for leave to file its Amendment to New Matter so as to more specifically plead … defenses because [Sadler] raised it as a main feature of its response to eLoop's motion for summary judgment." eLoop's Brief at 15. Thus, eLoop contends that it "merely sought to remove that obstacle, if it even was one, from the trial court's consideration of the merits of otherwise well-framed summary judgment issues. [e]loop by no
*(Footnote Continued Next Page)*

2015, the day of the hearing on [eLoop's] Motion for Summary Judgment, [Sadler] filed its Brief in Opposition to [eLoop's] Motion for Leave to Amend New Matter.

On November 2, 2015, the Trial Court entered a Memorandum and Order, docketed on November 4, 2015, granting both [eLoop's] Motion for Leave to Amend New Matter and Motion for Summary Judgment. The Trial Court based its entry of summary judgment in favor of [eLoop] solely upon judicial estoppel grounds, finding that [Sadler] had "played fast and loose" with the bankruptcy court by failing to list [Sadler's] Agreement with [eLoop] (upon which this action was based) in [Sadler's] Chapter 11 asset disclosures. [Sadler] thereafter timely filed a Notice of Appeal to this Honorable Court, along with a Concise Statement of Matters Complained of on Appeal, on December 4, 2015.

Sadler's Brief at 5-8 (internal citations omitted).

In its appeal, Sadler raises two issues for our review:

1. Did the Trial Court abuse its discretion when, three (3) years and two days after [eLoop] filed its original New Matter, it granted [eLoop's] Motion for Leave to Amend New Matter, where the record established that [eLoop], over a period of years, had deliberately waived the defenses sought to be raised in the proposed Amended New Matter, and that [eLoop] and its counsel lied to the Trial Court regarding when [eLoop] purportedly "discovered" the newly proffered evidence?

2. Did the Trial Court commit an error of law and/or abuse its discretion when, in granting [eLoop's] Motion for Summary Judgment solely on the basis of judicial estoppel, it found that [Sadler] had "played fast and loose with the courts" by failing to disclose the value of [Sadler's] claims in this action to the bankruptcy court in prior Chapter 11 proceedings, where the Trial Court did not cite, the record was completely devoid of, and [eLoop] had actively

_(Footnote Continued)_ ────────────────

means conceded (and still does not) that such an amendment was even necessary, given the prior general manner of pleading" in its Answer to the Second Amended Complaint. ***Id.***

- 4 -

concealed from [Sadler] any verified information confirming any value of [Sadler's] claims in this action?

*Id.* at 4.

Initially, we note that under the Pennsylvania Rules of Civil Procedure, "[a] party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, add a person as a party, correct the name of a party, or otherwise amend the pleading." Pa.R.C.P. 1033. This Court has stated that "[a] decision to grant a motion to amend a pleading is a matter for the exercise of judicial discretion in the trial court." *Schroeder v. Accelleration Life Ins. Co. of Pennsylvania*, 547 A.2d 1184, 1185 (Pa. Super. 1988) (citation omitted). "However, amendments to pleadings should be liberally allowed in order to secure a determination of cases on their merits, except in those instances where surprise or prejudice to the other party would result, or where the proposed amendment is against a positive rule of law." *Id.* at 1185-86 (citation omitted).

Additionally, "summary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Summers*, 997 A.2d at 1159 (citations omitted). "[A]n appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion." *Id.* (citations omitted).

We first consider Sadler's claim that the trial court abused its discretion by granting eLoop's Motion for Leave to Amend New Matter. Specifically, Sadler argues that "the Trial Court, in granting [eLoop] leave to

- 5 -

amend its New Matter to assert a judicial estoppel defense it had known about for years, but had affirmatively waived, allowed [eLoop] to benefit from its own fraud." Sadler's Brief at 28. It contends that eLoop "deliberately waived asserting the defense of judicial estoppel, then deliberately sandbagged [Sadler] and its counsel by first attempting to assert the judicial estoppel defense in March 2015, only weeks after [Sadler's] ability to do anything about it had expired with the closing of the bankruptcy docket [on February 19, 2015]." *Id.* at 31. We disagree.

In granting eLoop's Motion for Leave to Amend New Matter, the trial court reasoned that "the defense[] of … judicial estoppel did not become available until February 19, 2015, when Sadler's bankruptcy was finally closed without disclosure of Sadler's claim against eLoop. eLoop's Motion to Amend was filed on October 13, 2015, just short of eight months later." Trial Court Opinion (TCO), 1/29/2016, at 3. The trial court "did not find this delay sufficient to presume prejudice under … Supreme and Superior Court cases[,]" nor was it "otherwise convinced that other prejudice to [Sadler] would result from the granting of this amendment" notwithstanding "the general prejudice that comes from an opposing party presenting a meritorious claim or defense[, which] is not sufficient to deny amendment, or substantially every amendment would be denied." *Id.* at 3-4, 4 n.1.

We cannot conclude that the trial court abused its discretion by granting eLoop's Motion for Leave to Amend New Matter, although we depart somewhat from its reasoning for doing so.[4]  The crux of Sadler's argument is that eLoop waived its right to raise the defense of judicial estoppel because of its delay in moving for an amendment of its New Matter.  **See** Sadler's

_____

[4] We diverge from the trial court in that it based its analysis on the premise that "the defense[] of … judicial estoppel did not become available until February 19, 2015, when Sadler's bankruptcy was finally closed without disclosure of Sadler's claim against eLoop."  TCO at 3.  Sadler argues, on the other hand, that the judicial estoppel defense "became viable for assertion as soon as October 2012, when Sadler filed its asset disclosures … and certainly no later than January 3, 2013, when the Bankruptcy Court approved Sadler's plan for Chapter 11 reorganization … when the amount of money to be paid out to creditors was established[.]"  Sadler's Brief at 30 (emphasis omitted).  We note that our Supreme Court has determined that the doctrine of judicial estoppel does not require "adjudication" or that "the underlying issue was actually litigated."  **In re Adoption of S.A.J.**, 838 A.2d 616, 636, 636 n.4 (Pa. 2003).  **See also Tops Apparel Manufacturing Company v. Rothman**, 244 A.2d 436, 438 (Pa. 1968) ("Admissions of this type, _i.e._, those contained in pleadings, stipulations, and the like, are usually termed 'judicial admissions' and as such cannot later be contradicted by the party who has made them."); **Marazas v. W.C.A.B. (Vitas Healthcare Corporation)**, 97 A.3d 854, 859 (Pa. Cmwlth. 2014) ("[J]udicial estoppel does not require actual litigation to a final order.") (citation omitted).  Accordingly, we are not convinced that eLoop had to wait for the close of Sadler's bankruptcy docket before it could assert a judicial estoppel defense in this matter, as the trial court and eLoop deduced.  **See** eLoop's Brief at 17 ("eLoop could not have pled a defense that only arose upon the _completion_ of bankruptcy, until said _completion_ actually occurred.") (emphasis in original).  However, we need not resolve this issue here, as we determine that the trial court did not abuse its discretion in allowing eLoop's amendment of New Matter for other reasons discussed _infra_.  **See, e.g., Staub v. Staub**, 960 A.2d 848, 853 (Pa. Super. 2008) ("[N]otwithstanding the trial court's stated grounds, if its result is correct, this Court can affirm the trial court on any basis.") (citation omitted).

Brief at 26. This Court has held that "[a]lthough the time of the amendment is a factor to be considered, it appears that it is to be considered only insofar as it presents a question of prejudice to the opposing party." *Carpitella by Carpitella v. Consolidated Rail Corporation*, 533 A.2d 762, 764 (Pa. Super. 1987). *See also Kenney v. Southeastern Pennsylvania Transportation Authority*, 551 A.2d 614, 616 (Pa. Cmwlth. 1988) ("[U]nreasonable delay alone will not ordinarily justify the denial of leave to amend a pleading in the absence of prejudice to the opposing party.") (citations omitted); *Brooks v. McMenamin*, 503 A.2d 446, 448 (Pa. Super. 1986) (concluding that trial court abused its discretion "by denying the petition to amend, based on nothing more than unreasonable delay").

Here, regardless of the length of any delay, we deem the prejudice suffered by Sadler due to the timing of eLoop's amendment — if any exists at all — as insufficient to preclude eLoop from amending its New Matter. Sadler suggests that, because eLoop asserted its judicial estoppel defense after Sadler's bankruptcy docket was closed, Sadler now has its hands tied in taking any corrective action. *See* Sadler's Brief at 31. We are not persuaded by this argument. As eLoop points out, the fact that Sadler "failed … to honor its bankruptcy obligations is the fault of [Sadler] alone," and claiming prejudice now is akin to arguing that "I may have robbed the bank, but only because you failed to stop me." eLoop's Brief at 20. eLoop also points out that Sadler could have explored re-opening its bankruptcy to include this lawsuit, but has not done so. *Id*. Moreover, the trial court's

decision is consistent with well-established precedent to liberally allow amendments. Thus, we find that the trial court did not abuse its discretion in permitting eLoop's amendment.

Second, we address whether the trial court committed an error of law and/or abused its discretion when, by granting eLoop's motion for summary judgment on the basis of judicial estoppel, it determined that Sadler "had 'played fast and loose with the courts' by failing to disclose the value of [Sadler's] claims in this action to the bankruptcy court in prior Chapter 11 proceedings." Sadler's Brief at 21. Our Supreme Court has described judicial estoppel as follows:

> Judicial estoppel is an equitable, judicially-created doctrine designed to protect the integrity of the courts by preventing litigants from "playing fast and loose" with the judicial system by adopting whatever position suits the moment. Unlike collateral estoppel or res judicata, it does not depend on relationships between parties, but rather on the relationship of one party to one or more tribunals. In essence, the doctrine prohibits parties from switching legal positions to suit their own ends.

***Sunbeam Corporation v. Liberty Mutual Insurance Company***, 781 A.2d 1189, 1192 (Pa. 2001) (citations omitted). Thus, "judicial estoppel is properly applied only if the court concludes the following: (1) that the appellant assumed an inconsistent position in an earlier action; *and* (2) that the appellant's contention was successfully maintained in that action."[5]

---

[5] Our Supreme Court has stated that "[w]hether successful maintenance of the prior inconsistent position of litigant is strictly necessary to implicate judicial estoppel in every case, or whether success should instead be treated as a factor favoring the doctrine's application, is the subject of some

*(Footnote Continued Next Page)*

*Black v. Labor Ready, Inc.*, 995 A.2d 875, 878 (Pa. Super. 2010) (citations omitted) (emphasis in original).

In granting Eloop's motion for summary judgment on the basis of judicial estoppel, the trial court concluded:

> Sadler regarded the case as having some monetary value while [it], over the course of years, failed to report the action on [its] bankruptcy disclosures, failed to inform the bankruptcy court of the progress of the action, and ultimately failed to allow for any possible recovery from the action in [its] plan of reorganization.
>
> All this adds up to a very clear instance of "playing fast and loose" with the bankruptcy court. The Allegheny County Court of Common Pleas will not allow Sadler to profit from this behavior, not only to the detriment of eLoop, which … was essentially unimportant to the judicial estoppel analysis, but to the detriment of the United States Bankruptcy Court and of Sadler's creditors in the Chapter 11 action.

TCO at 7-8.

On appeal, Sadler blames eLoop, asserting that "[eLoop], who was in sole possession of the … information that would establish the monetary value of [Sadler's] claims in this action, consistently obstructed [Sadler's] access to … such information," which consequently "preclud[ed] [Sadler] from being able to provide the bankruptcy court with information confirming the value, if any, of [Sadler's] claims in this action."[6] Sadler's Brief at 22.

*(Footnote Continued)* ――――――――

uncertainty." *In re Adoption of S.A.J.*, 838 A.2d at 620 n.3 (citations omitted).

[6] According to Sadler, it and eLoop effectively had a contingency fee agreement, and eLoop was "in exclusive possession and control of the information concerning the amount of material [eLoop] has processed, and
*(Footnote Continued Next Page)*

As a result, Sadler's "ability to disclose the value of the LOI and/or this lawsuit as an asset in the bankruptcy proceedings was significantly inhibited by virtue of [eLoop's] own bad faith … and claiming that the LOI is, essentially, 'worthless.'" *Id.* at 41. Additionally, Sadler contends that "there is simply no evidence whatsoever that [Sadler] intended to mislead, or actually misled, either the bankruptcy court, [Sadler's] creditors, or [eLoop] in this action by failing to list the LOI or the present lawsuit based on the LOI in [its] prior bankruptcy disclosures." *Id.* at 40.

Again, we find Sadler's arguments to be unpersuasive, and conclude that the trial court properly applied the doctrine of judicial estoppel. It is undisputed that Sadler assumed an inconsistent position in its prior bankruptcy action; Sadler admits that it failed "to include its claims in the present action in its asset disclosures filed in Chapter 11 bankruptcy proceedings before the [bankruptcy court]." *See* Sadler's Brief at 33; *see also Black*, 995 A.2d at 879. Thus, in the bankruptcy proceedings, Sadler represented that it had no claim against eLoop, which is obviously inconsistent with the mere existence of this lawsuit.

It is also clear that Sadler's representation that no claim existed against eLoop — and, consequently, that the LOI underlying this action did not have any potential value — was successfully maintained in the

*(Footnote Continued)* ————————————————

the corresponding compensation it may owe to [Sadler]." Sadler's Brief at 21-22.

bankruptcy court. Sadler's bankruptcy docket was closed on February 19, 2015. **See** Sadler's Brief at 30-31; eLoop's Brief at 13. Significantly, by not disclosing this lawsuit to the bankruptcy court, no recovery from this lawsuit could be distributed to Sadler's creditors.[7]

Further, Sadler's arguments that place blame on eLoop do not sway us. As the trial court discerned, "Sadler, not eLoop, was the party required to make disclosures to the bankruptcy court, and it is clear that Sadler believed the claim had merit." TCO at 7. Further, it is unsurprising, if not foreseeable, that a defendant in litigation would claim that an adversary's lawsuit is without merit and of no value. **See id.** Similarly, Sadler's argument that it did not *intend* to mislead the bankruptcy court about the value of this case is unconvincing and arguably irrelevant. Our review of Pennsylvania case law uncovers no explicit requirement that a party must intend to mislead, or actually mislead, for judicial estoppel to apply; however, we agree that there are undertones of bad faith and deception in cases discussing judicial estoppel. **See In re Adoption of S.A.J.**, 838 A.2d at 633 ("[W]hen a man alleges a fact in a court of justice, for his advantage, he shall not be allowed to contradict it afterwards. It is against good morals to permit such double dealing in the administration of justice.") (citation omitted); **Trowbridge v. Scranton Artificial Limb Company**, 747 A.2d

---

[7] Sadler admits that "the LOI…[, which] underlies this action, may be worth hundreds of thousands of dollars a year to [Sadler]…." Sadler's Brief at 17.

862, 865 (Pa. 2000) ("The purpose of this doctrine is to uphold the integrity of the courts by preventing parties from abusing the judicial process by changing positions as the moment requires.") (citation omitted). *See also Marazas*, 97 A.3d at 859-60 ("The reason for applying the equitable remedy of estoppel is the maintenance of two seemingly inconsistent positions, and thus a lack of candor with the tribunal and an affront to the integrity of the courts.").

In any event, the trial court did not err or abuse its discretion by finding that Sadler 'played fast and loose with the courts.' The trial court observed:

> In the time between the filing of the Motion to Employ Special Counsel and the close of the Chapter 11 action, our docket indicated that Sadler made eight filings in this case in the Allegheny County Court of Common Pleas, argued preliminary objections, amended [its] complaint twice, made stipulations, and hired new counsel. Further, [Sadler] made at least one demand for settlement in the amount of $600,000. We could hardly imagine that, for the entire period of the bankruptcy, Sadler on one hand pursued this litigation in the Allegheny County Court of Common Pleas while on the other, simply, and in good faith, forgot about it when it came time to appear before the Western District Bankruptcy Court.

TCO at 6 (internal citations omitted). We agree.[8] Accordingly, the trial court properly granted eLoop's motion for summary judgment on the basis of judicial estoppel.[9]

_____

[8] We take note that Sadler apparently made known another pending lawsuit and several contracts to the bankruptcy court as assets, which indicates that Sadler knew of its obligation to disclose such assets. *See* eLoop's Brief at 30
*(Footnote Continued Next Page)*

- 13 -

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/12/2016

("Clearly, [Sadler] was aware of the obligation to list such assets, having listed another [Sadler] lawsuit against an entity … and several lease contracts as assets of the estate.").

[9] We need not address eLoop's argument that Sadler lacks standing. ***In re Paulmier***, 937 A.2d 364, 368 n.1 (Pa. 2007) ("[S]tanding is not a jurisdictional question.") (citation omitted).