**Diane BLACK, Appellant**

v.

**LABOR READY, INC., Williamsport Steel Container Corp. and Rheem Manufacturing Company, Inc., Appellees.**

Superior Court of Pennsylvania.

Argued Oct. 21, 2009.

Filed April 26, 2010.

Jonathan E. Butterfield, Williamsport, for appellant.

Howard D. Kauffman, Harrisburg, for appellee.

BEFORE: FORD ELLIOTT, P.J., FREEDBERG and COLVILLE *, JJ.

OPINION BY COLVILLE, J.:

¶ 1 This is an appeal from an order granting summary judgment. More specifically, Appellant challenges the trial court's decision to grant Appellee

* Retired Senior Judge assigned to the Superior Court.

Williamsport Steel Container Corporation's ("Appellee") motion for summary judgment. We vacate the judgment[1] and reverse the order granting summary judgment in favor of Appellee.

¶ 2 The background underlying this matter can be summarized in the following manner. On August 18, 2004, Appellant sought employment through Labor Ready, Inc. ("Labor Ready"). On August 18th and 19th of 2004, Labor Ready sent Appellant to work at Appellee's factory. In the process of operating a punch press at the factory, the machine descended on Appellant's right hand, resulting in amputation of the hand.

¶ 3 On September 2, 2004, Labor Ready issued a "Notice of Temporary Compensation Payable." In this notice, Labor Ready identified itself as Appellant's employer and determined Appellant's weekly workers' compensation rate to be $108.00. This amount was based upon an average weekly wage of $120.00. In December of 2004, Appellant filed a petition to review the compensation benefits. Appellant asked the Workers' Compensation Judge ("WCJ") to determine that the average weekly wage set by Labor Ready was incorrect.

¶ 4 A little over a week later, Appellant filed a claim petition for workers' compensation wherein Appellant identified Appellee as her employer. Appellee filed an answer to the claim petition. In this answer, Appellee specifically denied that it was Appellant's employer at the time of the accident. According to the answer, Appellant was an employee of Labor Ready when the accident occurred.

¶ 5 A hearing was held before the WCJ on June 22, 2005. As to this hearing, for present purposes, it is sufficient to note that, after an off-the-record discussion, the WCJ announced that the parties had reached a stipulation. According to the WCJ, the parties stipulated that Appellant's average weekly wage was $240.00. Implicit in the WCJ's pronouncement was that the parties agreed that Labor Ready was Appellant's employer.[2] Based upon these agreements, Appellant further stipulated that she would withdraw her claim petition wherein she named Appellee as her employer. The WCJ later issued a decision. This decision essentially memorialized the parties' stipulations.

¶ 6 On September 22, 2006, Appellant filed a complaint, and later an amended complaint, against Labor Ready, Appellee, and Rheem Manufacturing Corporation, Inc. ("Rheem"). With regard to Appellee, Appellant plead counts of strict liability, negligence, and indemnification.

¶ 7 Appellee filed an answer and new matter. In the new matter, Appellee, inter alia, reserved all defenses available to them under the Pennsylvania Workers' Compensation Act ("Act"). Appellee claimed that, at the time of the accident, it employed Appellant. According to Appellee, Appellant's status as its employee barred Appellant's action against Appellee.[3]

---

1. After the trial court entered its order granting summary judgment, Appellant filed a praecipe for the entry of judgment, and judgment was entered.

2. The parties do not dispute that Labor Ready is responsible for providing Appellant with workers' compensation payments.

3. As this Court has stated:

> Where an employee's injury is compensable under the Act, the compensation provided by the statute is the employee's exclusive remedy against his or her employer. Thus, an injured employee cannot maintain a tort action against his or her employer if the injury is compensable under the provisions of the Act.

¶ 8 After the parties filed various other documents, the trial court granted a preliminary objection filed by Labor Ready, which resulted in Appellant's amended complaint being dismissed as to Labor Ready. The court directed Appellant to arbitrate its claims against Labor Ready. According to Appellant, the arbitrator ruled against her on the basis of employer immunity.

¶ 9 In any event, the two remaining defendants, *i.e.,* Appellee and Rheem, filed motions for summary judgment. As to Appellee's motion, it claimed, in pertinent part:

> [Appellant] is a borrowed employee at [Appellee] and, therefore, [Appellant's] complaint against [Appellee] must be dismissed because [Appellee] is protected by the workers' compensation exclusivity provision.

Appellee's Motion for Summary Judgment, 12/15/08, at ¶ 11.

¶ 10 In her answer to this motion, Appellant contended that Appellee is judicially, equitably, and collaterally estopped from claiming that she was Appellee's employee for workers' compensation purposes. In support of this contention, Appellant cited the WCJ's decision.

¶ 11 The trial court disagreed with Appellant, asserting, in part:

> [The WCJ's] adjudication does not collaterally estop [Appellee] from contending to be [Appellant's] employer as the adjudication determined Labor Ready to be [Appellant's] employer *for purposes of worker's compensation payments.* That is an entirely different question from that of who was her employer for purposes of civil liability.

Trial Court Opinion and Order, 2/9/09, at 1 (emphasis in original). The court further

determined that the evidence clearly shows that Appellee was Appellant's employer and that Appellee, therefore, is immune from suit. Consequently, the trial court granted Appellee's motion for summary judgment. On the same day, the court granted Rheem's motion for summary judgment as well. Appellant timely filed a notice of appeal.

¶ 12 In her brief to this Court, Appellant asks us to consider the following questions:

> 1. As a result of the proceedings before and adjudication by a workers' compensation judge, was [Appellee] judicially estopped from succeeding on its claim of workers' compensation immunity?
>
> 2. As a result of the proceedings before and adjudication by a workers' compensation judge, was [Appellee] collaterally estopped from succeeding on its claim of workers' compensation immunity?
>
> 3. As a result of the proceedings before and adjudication by a workers' compensation judge, was [Appellee] equitably estopped from succeeding on its claim of workers' compensation immunity?

Appellant's Brief at 4.

¶ 13 Stated in general terms, Appellant claims the trial court erred by granting summary judgment in favor of Appellee. We review such matters with the following principles of law in mind:

> The standards which govern summary judgment are well settled. When a party seeks summary judgment, a court shall enter judgment whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense that could be established by additional discovery. A motion for summary judgment is based on an evidentiary record that entitles the

*Albright v. Fagan,* 448 Pa.Super. 395, 671 A.2d 760, 762 (1996) (citations omitted).

Here, it is undisputed that Appellant's injury is compensable under the Act.

moving party to a judgment as a matter of law. In considering the merits of a motion for summary judgment, a court views the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Finally, the court may grant summary judgment only when the right to such a judgment is clear and free from doubt. An appellate court may reverse the granting of a motion for summary judgment if there has been an error of law or an abuse of discretion....

*Swords v. Harleysville Insurance Companies*, 584 Pa. 382, 883 A.2d 562, 566–67 (2005) (citations omitted).

¶ 14 Under Appellant's first issue,[4] she highlights the fact that, in the workers' compensation proceedings, Appellee filed an answer wherein it repeatedly denied being Appellant's employer and asserted that Labor Ready was Appellant's employer. Appellant claims that this position is inconsistent with the position that Appellee has taken in this case, namely, that Appellee was, in fact, Appellant's employer at the time of the accident. Appellant further claims that Appellee benefited from the stance it took in the workers' compensation proceedings. In this regard, Appellant states that Appellee "benefited from an adjudication of Labor Ready's responsibility for workers' compensation payments[.]" Appellant's Brief at 21. Appellant, therefore, claims that, for purposes of this case, Appellee is judicially estopped from claiming the status of an employer immune from liability under the Act. We agree with Appellant.

Our Supreme Court has held that "[a]s a general rule, a party to an action is estopped from assuming a position inconsistent with his or her assertion in a previous action, if his or her contention was successfully maintained." *In re Adoption of S.A.J.*, 575 Pa. 624, 631, 838 A.2d 616, 620 (2003) (citation omitted). Accordingly, judicial estoppel is properly applied only if the court concludes the following: (1) that the appellant assumed an inconsistent position in an earlier action; *and* (2) that the appellant's contention was "successfully maintained" in that action. *Id.* at 632, 838 A.2d at 621.[FN8]

_____

FN8. Our Supreme Court has not definitively established whether the second element (successful maintenance) is strictly necessary to implicate judicial estoppel or is merely a factor favoring the application. *See S.A.J., supra* at 631 n. 3, 838 A.2d at 620 n. 3.

*Vargo v. Schwartz*, 940 A.2d 459, 470 (Pa.Super.2007) (emphasis in original).

¶ 15 In its answer to Appellant's claim petition, Appellee stated, in relevant part:

4. Acknowledged that there was a punch press injury while [Appellant] was employed by Labor Ready, a temp service.

5. Specifically denied that [Appellant] was an employee of [Appellee]....

17. [Appellant] was an employee of Labor Ready, and not an employee of [Appellee].

18. [Appellant] was not in the scope of employment with [Appellee] at the time of the accident.

4. Under her questions presented for appeal, Appellant presents her first issue as whether Appellee is judicially estopped from claiming Appellant was its employee at the time of the accident. Yet, in the argument section of her brief, Appellant addresses this issue after she argues her claim that Appellee is collaterally estopped from claiming Appellant was its employee at the time of the accident. *See* Appellant's Brief at 20–23. For purposes of this memorandum, we will treat Appellant's judicial estoppel issue to be her first issue.

19. [Appellant] was not in the course of employment with [Appellee] at the time of the accident.

Appellant's Brief in Opposition to Appellee's Motion for Summary Judgment, 1/26/09, Exhibit D.

¶ 16 As the above-quoted assertions make obvious, Appellee's position in the workers' compensation action was that Labor Ready, not Appellee, was Appellant's employer at the time of the accident. In the current action, Appellee has adopted the stance that it was Appellant's employer at the time of the accident. Appellee's current stance clearly is inconsistent with the position it took in the workers' compensation action.

¶ 17 We further conclude that, in the workers' compensation action, Appellee successfully maintained its contention that it was not Appellant's employer when the accident occurred. Appellee fully participated in the discussions that lead to the parties' stipulations at the workers' compensation proceedings. These stipulations resulted in Labor Ready, not Appellee, being held responsible for paying Appellant's workers' compensation. Indeed, the stipulations resulted in Appellant withdrawing its claim petition against Appellee. For these reasons, we conclude that Appellee was judicially estopped in the present case from claiming it was Appellant's employer at the time of the accident.[5]

¶ 18 Accordingly, we find that the trial court erred in granting Appellee's motion for summary judgment. We, therefore, vacate the judgment, reverse the order granting summary judgment in favor of Appellee, and remand for further proceedings.

¶ 19 Judgment vacated. Order granting Appellee's motion for summary judgment reversed. Case remanded. Jurisdiction relinquished.

---

5. Due to the manner in which we dispose of Appellant's first issue, we need not address the merits of her other two issues.