J-A30040-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ATLANTIC NATIONAL TRUST LIMITED LIABILITY COMPANY, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| DONALD RUDDY AND ELEANOR RUDDY, H/W, | |
| Appellees | No. 759 EDA 2014 |

Appeal from the Order Entered February 11, 2014
in the Court of Common Pleas of Bucks County
Civil Division at No.: 2012-01795

| | |
|---|---|
| ATLANTIC NATIONAL TRUST LIMITED LIABILITY COMPANY, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| DONALD RUDDY AND ELEANOR RUDDY, H/W, | |
| Appellees | No. 895 EDA 2014 |

Appeal from the Order Entered February 11, 2014
in the Court of Common Pleas of Bucks County
Civil Division at No.: 2012-01795-31

BEFORE:  LAZARUS, J., MUNDY, J., and PLATT, J.[*]

---

[*] Retired Senior Judge assigned to the Superior Court.

MEMORANDUM BY PLATT, J.:                          **FILED MARCH 02, 2015**

In these consolidated cross-appeals, Appellant, Atlantic National Trust Limited Liability Company (Atlantic), and Appellees/Cross-Appellants, Donald and Eleanor Ruddy (the Ruddys), appeal from the order entered on February 11, 2014, which granted the motion of the Ruddys for summary judgment and denied the motion of Atlantic for summary judgment. For the reasons discussed below, we affirm in part and quash in part.

In its summary judgment decision and order, the trial court exhaustively details the extensive factual background and procedural history of this case. (**See** Trial Court Opinion, 2/11/14, at 1-14). Therefore, for purposes of clarity, we note only the following pertinent facts, taken from that decision.

The instant matter concerns the attempt of Appellant to foreclose on the second of two parcels of land (Parcel II) purchased by the Ruddys at a tax sale in December 1993. Nickerson Development Cooperation (Nickerson) originally purchased the two parcels in 1989, and it obtained a $805,000.00 mortgage (the Mortgage) from Horizon F.A.; however, in May 1990, Horizon went into receivership with the Resolution Trust Company (RTC). The duties of the RTC were eventually transferred to the Federal Deposit Insurance Corporation (FDIC).

In 1990, Nickerson defaulted on the Mortgage and failed to pay outstanding taxes on the parcels. As noted above, Bucks County ultimately

sold the parcels at a tax sale, and for reasons not apparent from the record, the title examination done by the Bucks County Tax Claim Bureau did not disclose that the RTC had an interest in the property.

On December 21, 1999, the Ruddys conveyed the first of the two parcels (Parcel I) to the Fonthill Corporation (Fonthill), an entity of which they are the majority owners. On January 4, 2000, the FDIC assigned the note and mortgage on both parcels to Atlantic. In 2004, Atlantic foreclosed on Parcel I, then owned by Fonthill. Extensive litigation followed, and, on November 13, 2008, this Court reversed the trial court and allowed Atlantic to foreclose on Parcel I (**Fonthill I**). (**See Atlantic National Trust, Ltd. Liab. Co. v. Fonthill Corp.**, 964 A.2d 932 (Pa. Super. 2008), *appeal denied*, 983 A.2d 1246 (Pa. 2009) (unpublished memorandum)).

The trial court entered judgment in favor of Atlantic for $742,083.40 on May 28, 2009. On November 13, 2009, Atlantic purchased Parcel I at a sheriff's sale for $20,000.00. On August 30, 2010, Atlantic filed a petition to fix fair market value and, on July 21, 2011, the trial court issued an order granting that petition and set the net fair market value of Parcel I at $248,415.73 and the deficiency due on the judgment and underlying obligation at $576,246.21. This Court affirmed that order (**Fonthill II**). (**See Atlantic Nat. Trust v. Fonthill Corp.**, 53 A.3d 944 (Pa. Super. 2012) (unpublished memorandum)).

On February 27, 2012, Atlantic filed the instant action against the Ruddys seeking to foreclose on Parcel II. On January 8, 2013, Atlantic filed a motion for summary judgment. The Ruddys filed a motion for summary judgment on February 4, 2013. The trial court held oral argument on July 24, 2013. On February 11, 2014, the trial court granted the motion for summary judgment filed by the Ruddys and denied the motion for summary judgment filed by Atlantic. The instant, timely appeals followed. On March 7 and 18, 2014, the trial court ordered both parties to file concise statements of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). The parties filed timely Rule 1925(b) statements on March 26, and April 2, 2014. ***See id.*** The trial court issued an opinion on April 25, 2014. ***See*** Pa.R.A.P. 1925(a).

On appeal and cross-appeal, the parties raise the following questions:

I.    Are [the Ruddys] collaterally estopped from contesting [Atlantic's] *prima facie* case in a mortgage foreclosure action where [Atlantic] previously had obtained foreclosure under the same mortgage against a different parcel [the Ruddys] had conveyed to a corporation they owned?

II.   Is a mortgage foreclosure action subject to a rebuttable presumption of payment after twenty years that [Atlantic] successfully rebutted in this case, rather than a strict statute of limitations?

III.  Did [Atlantic's] claim accrue when the FDIC was appointed as receiver of the mortgagee, pursuant to federal statute?

IV.   Was the statute of limitations tolled pursuant to the doctrine of *nullum tempus* during the time the RTC and the FDIC were receivers of the mortgagee, administering its

- 4 -

assets, including the mortgage [Atlantic] seeks to foreclose?

(Atlantic's Brief, at 2).

I.      Did Atlantic's [c]omplaint in [m]ortgage [f]oreclosure filed in **Fonthill I** release the [o]bligor [Nickerson] from liability on the underlying [n]ote secured by the Mortgage thereby depriving Atlantic of any subsequent right to enforce the security for said [n]ote?

(The Ruddy's Brief, at 24).

The parties appeal from the grant and denial of summary judgment.

The applicable scope and standard of review are as follows.

Pennsylvania law provides that summary judgment may be granted only in those cases in which the record clearly shows that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. The moving party has the burden of proving that no genuine issues of material fact exist. In determining whether to grant summary judgment, the trial court must view the record in the light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Thus, summary judgment is proper only when the uncontroverted allegations in the pleadings, depositions, answers to interrogatories, admissions of record, and submitted affidavits demonstrate that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. In sum, only when the facts are so clear that reasonable minds cannot differ, may a trial court properly enter summary judgment.

. . . With regard to questions of law, an appellate court's scope of review is plenary. The Superior Court will reverse a grant of summary judgment only if the trial court has committed an error of law or abused its discretion. Judicial discretion requires action in conformity with law based on the facts and circumstances before the trial court after hearing and consideration.

*Cresswell v. Pa Nat'l Mut. Cas. Ins. Co.*, 820 A.2d 172, 177 (Pa. Super.

2003) (citation and emphasis omitted).

In its first issue, Atlantic claims that, "[t]he trial court improperly concluded that collateral estoppel did not preclude the Ruddys from contesting Atlantic's *prima facie* case because the Fonthill action did not involve foreclosure of [Parcel II]." (Atlantic's Brief, at 10). "Collateral estoppel, or issue preclusion, is a doctrine which prevents re-litigation of an issue in a later action, despite the fact that it is based on a cause of action different from the one previously litigated." *Weissberger v. Myers*, 90 A.3d 730, 733 (Pa. Super. 2014) (citation omitted).

> Collateral estoppel applies if (1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and (5) the determination in the prior proceeding was essential to the judgment.

*Id.* (citation omitted). Furthermore,

> [t]here is no requirement that there be an identity of parties in the two actions in order to invoke the bar. Collateral estoppel may be used as either a sword or shield by a stranger to the prior action if the party against whom the doctrine is invoked was a party or in privity with a party to the prior action.

*Columbia Medical Group, Inc. v. Herring & Roll, P.C.*, 829 A.2d 1184, 1190 (Pa. Super. 2003) (citation omitted).

Atlantic argues that there is an identity of issue in *Fonthill I* and *Fonthill II*, and this matter. It frames the issue as whether there was a "default of the [m]ortgage[?]" (Atlantic's Brief, at 11). Atlantic acknowledges that it sought foreclosure on a different parcel of land in the

**Fonthill** actions but states that this "is not determinative as to the default itself entitling foreclosure." (**Id.**). Atlantic further claims that "the Ruddys have had a full and fair opportunity to litigate the issues of the default of the Note and Mortgage and the amount due Atlantic for same[,]" in the previous actions. (**Id.** at 13). We disagree.

The Ruddys concede that the mortgage on the second property has been in default since June 5, 1990, and further they do not contest the amount due. (**See** the Ruddy's Brief, at 5). However, as they correctly state, the decisions in **Fonthill I** and **Fonthill II** were not dispositive of the central issue in the instant matter. That central issue is whether the statute of limitations bars Atlantic from foreclosing on Parcel II. (**See id.** at 6).

Our review of the record demonstrates that Atlantic filed the foreclosure action against Parcel I, the only parcel at issue in **Fonthill I** and **Fonthill II**, in March 2004. (**See Fonthill I**, 2708 EDA 2007, unpublished memorandumm at 4 (Pa. Super. filed Nov. 13, 2008)). It did not attempt to foreclose on Parcel II until late February 2012, almost eight years later. (**See** Trial Ct. Op., 2/11/14, at 7). The record reflects that, while Fonthill Corp., the defendant in the first action, raised a statute of limitations issue in **Fonthill I**, it was a distinct and entirely different issue. In **Fonthill I**, Fonthill argued that Atlantic's attempt at foreclosure was tantamount to an action to set aside a judicial sale of property and thus subject to the statute of limitations set forth in 42 Pa.C.S.A. § 5522. (**See Fonthill I**, **supra** at

21-24). Fonthill could not have argued, as the Ruddys do here (**see** the Ruddy's Brief, at 8-12), that the Mortgage is subject to a twenty-year statute of limitations because Atlantic filed **Fonthill I** before twenty years had passed. Thus, the Ruddys did not have a full and fair opportunity to litigate this statute of limitations issue in **Fonthill I**. Because of this, the doctrine of collateral estoppel does not preclude the Ruddys from contesting this case, and the trial court did not commit an abuse of discretion or error of law in declining to grant summary judgment on this basis. **See Weissberger**, **supra** at 733. Atlantic's first issue lacks merit.

Atlantic's remaining three issues all challenge the trial court's determination that a twenty-year statute of limitations applies to mortgage foreclosure proceedings. (**See** Atlantic's Brief, at 14-29). In their second claim, Atlantic argues, "mortgage foreclosure actions are not subject to a statute of limitations, but rather, to a presumption of payment that can be, and in this case has been, rebutted." (**Id.** at 14) (capitalization omitted). The Ruddys argue that the doctrine of judicial estoppel bars Atlantic's second claim because, in **Fonthill I**, it successfully argued that there was a twenty-year statute of limitations on mortgage foreclosure proceedings. (**See** the Ruddy's Brief, at 9). The Ruddys also contend that Atlantic waived its claim that mortgage foreclosure proceedings are subject to a rebuttable presumption of payment because it did not raise the issue in the trial court.

(**See id.** at 10). For the reasons discussed below, we find that Atlantic waived this claim.

The record reflects that Atlantic never raised the issue of a rebuttal presumption at any point below.[1] (**See** Atlantic's Motion for Summary Judgment, 1/08/13, at 1-6; Atlantic's Answer to the Ruddys' Motion for Summary Judgment, 3/01/13, at 1-3; Atlantic's Memorandum in Support of Summary Judgment, 5/15/13, at 9-15; Atlantic's Supplemental Memorandum in Support of Summary Judgment, 12/27/13, at 1-5). Because of this, the trial court did not address this issue in its opinion on summary judgment. (**See** Trial Ct. Op., 2/11/14, at 23-25). It is settled that new legal theories cannot be raised for the first time on appeal. **See Commonwealth v. Truong**, 36 A.3d 592, 598 (Pa. Super. 2012) (*en banc*), *appeal denied*, 57 A.3d 70 (Pa. 2012) (citations omitted); **see also** Pa.R.A.P. 302(a).

Further, this claim is not included in Atlantic's Rule 1925(b) statement, which merely states, "[w]hether the [t]rial [c]ourt erred in holding that an *in rem* mortgage foreclosure action is subject to a statute of limitations?" (**See** Atlantic's Statement of Matters Complained of on Appeal, 3/26/14, at 2 ¶ 5).

_____

[1] Atlantic appears to tacitly concede in its reply brief that it did not raise this specific issue in the trial court. Rather than pointing to a place in the record where the claim is raised, it argues that the rebuttable presumption argument is "in line" with the arguments it made in the trial court. (Atlantic's Reply Brief, at 7).

Thus, the trial court did not address it in its Rule 1925(a) opinion. (**See** Trial Court Opinion, 4/25/14, at 1-5). As amended in 2007, Pennsylvania Rule of Appellate Procedure 1925 provides that issues that are not included in the Rule 1925(b) statement or raised in accordance with Rule 1925(b)(4) are waived. **See** Pa.R.A.P. 1925(b)(4)(vii); **see also Commonwealth v. Lord**, 719 A.2d 306, 308 (Pa. 1998), *superseded by rule on other grounds as stated in* **Commonwealth v. Burton**, 973 A.2d 428, 431 (Pa. Super. 2009). Accordingly, we find that because Atlantic did not raise this issue in the trial court and in its Rule 1925(b) statement, it waived it.

Moreover, we agree with the Ruddys that the doctrine of judicial estoppel bars the claim.[2] This Court has stated:

> [a]s a general rule, a party to an action is estopped from assuming a position inconsistent with his or her assertion in a previous action, if his or her contention was successfully maintained. Accordingly, judicial estoppel is properly applied only if the court concludes the following: (1) that the appellant assumed an inconsistent position in an earlier action; *and* (2) that the appellant's contention was successfully maintained in that action.

**Black v. Labor Ready, Inc.**, 995 A.2d 875, 878 (Pa. Super. 2010) (quotation marks and citations omitted) (emphasis in original).

---

[2] We note that the trial court did not decide this issue on this basis but "we are not limited by the trial court's rationale and that we may affirm on any basis." **Blumenstock v. Gibson**, 811 A.2d 1029, 1033 (Pa. Super. 2002), *appeal denied*, 828 A.2d 349 (Pa. 2003) (citations omitted).

In **Fonthill I**, Atlantic specifically and unequivocally argued that the Mortgage was subject to the twenty-year statute of limitations set forth in 42 Pa.C.S.A. § 5529. (**See Fonthill I**, **supra** at 22). At the trial court and in its 1925(b) statement, Atlantic argued that there was no statue of limitations on mortgage foreclosure actions.[3] (**See** Atlantic's Answer to the Ruddys' Motion for Summary Judgment, 3/01/13, at 1-3; Atlantic's Memorandum in Support of Summary Judgment, 5/15/13, at 9-15; Atlantic's Supplemental Memorandum in Support of Summary Judgment, 12/27/13, at 1-5; Atlantic's Statement of Matters Complained of on Appeal, 3/26/14, at 2). These positions are plainly inconsistent.

Further, Atlantic successfully maintained its position in **Fonthill I** because this Court specifically found that the twenty-year statute of limitations applied. (**See Fonthill I**, **supra** at 23-24). Thus, we agree with the Ruddys that Atlantic was judicially estopped in the present case from claiming that there is no statute of limitations on mortgage foreclosure proceedings. **See Black**, **supra** at 879 (holding appellee was judicially estopped from maintaining it was appellant's employer in current tort action when it successfully maintained it was not appellant's employer in prior workers' compensation proceedings). Thus, even if Atlantic had not waived its second claim, we would find that the trial court did not err in declining to

---

[3] Again, we note that Atlantic raised its claim that there is a rebuttable presumption of payment for the first time in its appellate brief.

grant summary judgment on this basis because it is barred by the doctrine of judicial estoppel.

In its third question, Atlantic maintains that, even if the twenty-year statute of limitations applies, their action is timely because the statute of limitations did not begin to accrue until December 31, 1995, when the FDIC became the receiver of Horizon, taking over from the RTC. (*See* Atlantic's Brief, at 20). Atlantic relies on the Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRREA), 12 U.S.C. § 1821(d)(14)(A), which provides in pertinent part:

> (A) In general
>
> Notwithstanding any provision of any contract, the applicable statute of limitations with regard to any action brought by the Corporation as conservator or receiver shall be—
>
> **(i)** in the case of any contract claim, the longer of—
>
>> **(I)** the 6-year period beginning on the date the claim accrues; or
>>
>> **(II)** the period applicable under State law . . .

12 U.S.C. § 1821(d)(14)(A)(i) (I) and (II). Atlantic argues that "Corporation" as defined by FIRREA refers to the FDIC not the RTC, and that, therefore, the statute of limitations did not begin to run until the date that the FDIC replaced the RTC as receiver of Horizon. (*See* Atlantic's Brief, at 20-23). We disagree.

The Ruddys argue that Atlantic is judicially estopped from making this claim because it argued in *Fonthill I* that the twenty-year statute of

limitations ran from the date of Nickerson's default. (**See** the Ruddy's Brief, at 12). The Ruddys further contend that Atlantic's argument is meritless because the term "Corporation" in FIRREA refers to both the RTC and the FDIC. (**See id.** at 13-14). We agree.

As the Ruddys correctly note, in **Fonthill I**, Atlantic argued, and this Court held, that the statute of limitations ran from June 5, 1990, the date Nickerson defaulted on the mortgage, not from the date that the FDIC assumed receivership over Horizon. (**See Fonthill I**, **supra** at 24). Thus, because Atlantic argued a contrary position and successfully maintained that position in **Fonthill I**, it is estopped from claiming in the instant matter that the default should be counted from December 31, 1995. **See Black**, **supra** at 87).

Moreover, the claim lacks merit. Initially we note that neither party has cited to any Pennsylvania law regarding this issue but instead rely on several federal cases. It is settled "that federal court decisions are not binding on this court, [however,] we are able to adopt their analysis as it appeals to our reason." **Kleban v. Nat. Union Fire Ins. Co. of Pittsburgh**, 771 A.2d 39, 43 (Pa. Super. 2001) (citation omitted).

In support of its contention that the statute of limitations reset when the FDIC took over from the RTC, Atlantic relies on the decision of the United States Court of Appeals for the Tenth Circuit in **UMLIC-Nine Corp., v. Lipan Springs Dev. Corp.**, 168 F.3d 1173 (10th Cir. 1999), *cert. denied sub*

*nom* **Waring v. UMLIC-Nine Corp.**, 528 U.S. 1005 (1999). (**See** Atlantic's Brief, at 21-11). We find this reliance to be misplaced. Firstly, in some respects **UMLIC-Nine Corp.** supports the position advanced by the Ruddys because it clearly states that the term "Corporation" as used in 12 U.S.C. § 1821(d)(14) is applicable to the RTC as well as the FDIC, not solely the FDIC as claimed by Atlantic. **See UMLIC-Nine Corp.**, **supra** at 1177 n.2; **see also** (Atlantic's Brief at 20). Further, the Tenth Circuit in **UMLIC-Nine Corp.** specifically limited its decision on the resetting of the statute of limitations to cases where the mortgage was assigned to the RTC or the FDIC after an institution failed, the Corporation assigned the mortgage to a new private institution that also failed, and the mortgage was reassigned to the FDIC or RTC. **See UMLIC-Nine Corp.**, **supra** at 1179.

Here, there is no "subsequent receivership." Thus, **UMLIC-Nine Corp.** is inapplicable and Appellant does not cite to any other case that supports its contention that the statute of limitations reset when the RTC transferred the asset to the FDIC. Accordingly, the trial court did not commit an abuse of discretion or error of law in declining to grant summary judgment on this basis. **See FDIC v. Bledsoe**, 989 F.3d 805, 807-809 (5th Cir. 1993) (where case was transferred from FSLIC to private entity and then to FDIC, statute of limitations for purposes of 12 U.S.C. § 1821(d)(14) began to run on date of initial assignment to FSLIC).

In its final claim, Atlantic contends that "[t]his action also is timely because the applicable statute of limitations was tolled during the time that the RTC and the FDIC were acting as receivers of Horizon pursuant to the doctrine of *nullum tempus*." (Atlantic's Brief, at 23). The Ruddys again argue that Atlantic is estopped from raising this issue because it is contrary to the position it espoused in **Fonthill I**. (**See** the Ruddy's Brief, at 18). Further, the Ruddys argue that the Pennsylvania Courts have limited the applicability of the doctrine of *nullum tempus* and that Atlantic has failed to cite to any legal support for its claim. (**See id.** at 18-22). We agree.

> The doctrine of *nullum tempus occurrit regi* (time does not run against the king) has long been accepted in this Commonwealth. As this Court recently noted,

> > [w]henever **the Commonwealth invokes the doctrine of *nullum tempus,*** it is seeking as a plaintiff to vindicate **public rights and protect public property.** Thus, since its adoption in this country, the rationale for the doctrine of *nullum tempus* has been the great public policy of preserving public rights, revenues and property from injury and loss. Moreover, the benefits and advantages of the doctrine of *nullum tempus* extend to every citizen, including the defendant whose plea of . . . limitations it precludes. [O]ur Supreme Court held that,

> > > [i]t is true that, unless otherwise provided, statutes of limitations cannot be pleaded against such **political subdivisions when they are seeking to enforce strictly public rights, that is, when the cause of action accrues to them in their governmental capacity and the suit is brought to enforce an obligation imposed by**

- 15 -

> **law as distinguished from one arising out of an agreement voluntarily entered into by the defendant.**

*Mt. Lebanon School Dist. V. W.R. Grace and Co.*, 607 A.2d 756, 758-59 (Pa. Super. 1992), *appeal dismissed as improvidently granted*, 631 A.2d 596 (Pa. 1993) (citations and quotation marks omitted) (emphases added). Here, Atlantic is the private assignee of a mortgage from the FDIC. Atlantic has not pointed to any legal support which would demonstrate that it is a "political subdivision" or that it is "seeking to enforce strictly public rights[.]" *Id.* at 759. Further, it has not demonstrated that "the case of action accrue[d] to [it] in [its] governmental capacity" or that the instant case "is brought to enforce an obligation imposed by law as distinguished from one arising out of an agreement voluntarily entered into by [a] defendant." *Id.*

This case concerns a mortgage voluntarily entered into between two parties, and the foreclosure is a private contractual action. Because Atlantic has not demonstrated that it is entitled to invoke the doctrine of *nullum tempus*, the trial court did not abuse its discretion or make an error of law in declining to grant summary judgment on that basis. *See id.* Atlantic's final claim lacks merit.

On cross-appeal, the Ruddys contend that the trial court erred in not granting them summary judgment on their alternate argument: that Atlantic's failure to name Nickerson as a defendant in **Fonthill I**, combined with their assertion in that matter that Atlantic was not seeking to impose

any personal liability on Nickerson, demonstrates that Atlantic released Nickerson from liability for the debt secured by the mortgage. (**See** the Ruddys' Brief, at 26-27). Atlantic responds that the Ruddys were prevailing parties and cannot maintain a cross-appeal. (**See** Atlantic's Reply Brief, at 21). We agree.

Pennsylvania Rule of Appellate Procedure 501 provides, "[e]xcept where the right of appeal is enlarged by statute, any party who **is aggrieved** by an appealable order, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom." Pa.R.A.P. 501 (emphasis added). Thus, we have held that:

> for purposes of Pa.R.A.P. 501 [a] party is aggrieved when the party has been adversely affected by the decision from which the appeal is taken. A prevailing party is not aggrieved and therefore, does not have standing to appeal an order that has been entered in his or her favor. Although a prevailing party may disagree with the trial court's legal reasoning or findings of fact, the prevailing party's interest is not adversely affected by the trial court's ultimate order because the prevailing party was meritorious in the proceedings below.

*In re Estate of Pendergrass*, 26 A.3d 1151, 1154 (Pa. Super. 2011) (quotation marks and citations omitted). Further, "[w]hen one issue in a case is decided against a party, but the party prevails on the other issues and wins the case in chief, the party cannot claim to have been aggrieved by the decision; he therefore lacks standing to appeal the single issue decided against him." *Eck v. Powermatic Houdaille, Div. of Houdaille*

***Industries, Inc.***, 527 A.2d 1012, 1017 (Pa. Super. 1987) (quotation marks and citations omitted).

Here, the Ruddys sought summary judgment on two bases; the trial court rejected one theory, but agreed with the Ruddys on the other basis, and granted summary judgment in their favor. (***See*** Trial Ct. Op., 2/11/14, at 14-29). Thus, the Ruddys were the prevailing party in this matter and they lack standing to appeal the trial court's decision. ***See Pendergrass***, ***supra*** at 1154-55; ***Eck***, ***supra*** at 1017. Therefore, we quash the cross-appeal. ***See Pendergrass***, ***supra*** at 1155.

For the reasons discussed above, we find that the trial court neither abused its discretion nor committed an error of law in granting summary judgment to the Ruddys. Further, we find that, as prevailing parties, the Ruddys lack standing to bring a cross-appeal. Accordingly, we affirm the order of February 11, 2014 and quash the cross-appeal.

Order affirmed. Cross-appeal quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/2/2015

- 18 -