J-A18024-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| CHARLENE A. MCWILLIAMS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MAKAYLYN MCWILLIAMS, AS | : | |
| ADMINISTRATRIX OF THE ESTATE OF | : | |
| DEAN A. MCWILLIAMS | : | No. 211 WDA 2024 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered February 12, 2024
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  No. FD-21-008779-002

BEFORE:  OLSON, J., MURRAY, J., and BENDER, P.J.E.

MEMORANDUM BY MURRAY, J.:                **FILED: September 5, 2024**

Makaylyn McWilliams (Appellant), as administratrix of the Estate of Dean A. McWilliams (the Estate), appeals from the order granting the discontinuance motion filed by Charlene A. McWilliams (Wife).  After careful review, we affirm.

The trial court summarized the relevant procedural history underlying this appeal:

> [Wife] and Dean [A.] McWilliams ("Husband") were married on August 16, 2008.  On September 20, 2021, Wife filed a Complaint in Divorce.  Wife's Complaint in Divorce stated that the marriage had been irretrievably broken.  Husband was served and the Affidavit of Service was filed October 13, 2021.
>
> Over the next two (2) years, Wife filed numerous motions related to equitable distribution.  On December 29, 2023, Husband filed an Affidavit under Section 3301(d) of the Divorce Code[, 23 Pa.C.S.A. § 3301(d),] and Blank Counter-Affidavit.   On the

3301(d) Affidavit, Husband's signature date is listed as September 28, 2023, and the witness [was Appellant].

On January 4, 2024, Husband, through his counsel at that time, filed a second Affidavit under 3301(d) [] and Blank Counter-Affidavit. On this new 3301(d) Affidavit, Husband's signature date is listed as January 3, 2024. On February 1, [2024, the] Certificate of Service for the Affidavit was filed stating that Wife was served by mail on January 5[, 2024]. This new 3301(d) Affidavit listed [Appellant] and Nicholas Gallick [(Gallick)] as witnesses. Both of the 3301(d) Affidavits filed by Husband listed the date of separation as September 20, 2021.

Husband passed away on January 4, 2024. On January 19, 2024, Wife, through her counsel, filed a Motion to Discontinue Divorce Matter. The motion was scheduled for presentation on February 6, 2024. [The] Estate, through counsel, submitted a Response to Wife's Motion to Discontinue Divorce on February 5, 2024.

On February 6, 2024, after the presentation of [Wife's] Motion [to Discontinue] and the Response, [the trial court] granted Wife's Motion, and issued an Order discontinuing the divorce action due to Husband's death prior to grounds for divorce being established[,] pursuant to Rule 1920.17(d)(2) of the Pennsylvania Rules of Civil Procedure.

Trial Court Opinion, 4/8/24, at 1-2. Appellant, as administratrix of the Estate, timely filed a notice of appeal. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

1. Did the trial court commit an error of law and/or abuse of discretion in failing to find grounds for divorce had been established pursuant to 23 Pa.C.S.A. § 3323(g) before [Husband's] death on January 4, 2024[?]

2. Did the trial court commit an error of law and/or an abuse of discretion in making a determination [that] grounds for divorce were not established without holding a hearing, taking testimony or considering evidence to determine whether the

marriage was irretrievably broken and that the parties had lived separate and apart for over a year?

3. Did the trial court commit an error of law and/or an abuse of discretion in not finding [Wife] was judicially estopped from arguing that grounds for divorce were not established[,] when the record confirmed Wife:

a. Filed a complaint in divorce alleging the marriage was irretrievably broken in September of 2021;

b. Filed a complaint in divorce alleging she lived in Butler County, Ohio[,] while alleging [Husband] resided at 3129 Vernon Avenue, Pittsburgh, PA[];

c. Was served with a 3301(d) Affidavit filed by Husband alleging the marriage was irretrievably broken and the parties have lived separate and apart for over a year;

d. Signed, dated and served a [Section] 3301(d) Counter-Affidavit on Husband's counsel on January 19, 2024[,] which did not deny the marriage was irretrievably broken or that the parties had lived separate and apart for over a year; and

e. E[lectronically f]iled the [Section] 3301(d) Counter-Affidavit on January 19, 2024[;], however the filing was not docketed[?]

Appellant's Brief at 4-6 (capitalization modified).

Appellant's issues implicate the interpretation of several statutes and rules of procedure. Because Appellant raises questions of law, "our standard of review is *de novo* and our scope of review is plenary." ***Shell v. Shell***, 304 A.2d 401, 405 (Pa. Super. 2023).

In order to address Appellant's issues, a review of the statutes and rules at issue is helpful. Wife sought divorce pursuant to 23 Pa.C.S.A. § 3301(d) (irretrievable breakdown), which provides, in relevant part, as follows:

- 3 -

**(1)** The court may grant a divorce where a complaint has been filed alleging that the marriage is irretrievably broken **and** an affidavit has been filed alleging that the parties have lived separate and apart for a period of at least one year and that the marriage is irretrievably broken and the defendant either:

> **(i)** Does not deny the allegations set forth in the affidavit.

> **(ii)** Denies one or more of the allegations set forth in the affidavit but, after notice and hearing, the court determines that the parties have lived separate and apart for a period of at least one year and that the marriage is irretrievably broken.

23 Pa.C.S.A. § 3301(d)(1) (emphasis added).

Following enactment of Pennsylvania's Divorce Code, our Supreme Court promulgated Pennsylvania Rule of Civil Procedure 1920.42. Rule 1920.42 authorizes entry of a divorce decree under Section 3301(d), without further proceedings, when the parties have satisfied certain filing and notice requirements:

> **(c) Obtaining a divorce decree under Section 3301(d) of the Divorce Code**.

> **(1)** If a party has filed a complaint requesting a divorce on the ground of irretrievable breakdown and the requisite separation period has elapsed, the court shall enter a decree in divorce after:

> **(i)** proof of service of the complaint has been filed;

> **(ii)** a party has signed and filed an Affidavit under Section 3301(d) of the Divorce Code averring that the marriage is irretrievably broken and that the parties have been separate and apart for the required separation period;

> **(iii)** the filed Affidavit and a blank Counter-Affidavit under Section 3301(d) of the Divorce Code have been served on the other party consistent with Pa.R.C.P. No. 1930.4, and the

other party has admitted or failed to deny the averments in the Affidavit under Section 3301(d) of the Divorce Code;

> **(A)** If a party files a Counter-Affidavit under Section 3301(d) of the Divorce Code denying an averment in the Affidavit under Section 3301(d) of the Divorce Code, including the date of separation, either party may present a motion requesting the court resolve the issue.

> **(B)** After presentation of the motion in subdivision (A), the court may hear the testimony or, consistent with Pa.R.C.P. No. 1920.51(a)(1)(ii)(D), appoint a hearing officer to hear the testimony and to issue a report and recommendation.

> *Note*: This subdivision requires service of the Counter-Affidavit on the nonmoving party consistent with original process since the averments in the moving party's Affidavit under § 3301(d) of the Divorce Code are deemed admitted unless denied. *See* Pa.R.C.P. No. 1930.4 for service of original process and Pa.R.C.P. No. 1920.14(b) regarding failure to deny averments in the affidavit.

….

**(v)** a minimum of 20 days from the date of service of the Affidavit and blank Counter-Affidavit under Section 3301(d) of the Divorce Code as set forth in (c)(1)(iii), the party requesting the divorce decree has served on the other party a Notice of Intention to File the Praecipe to Transmit Record, which included a copy of the proposed Praecipe to Transmit Record that indicated the date and manner of service of the Notice of Intention to File the Praecipe to Transmit Record, except that service of such Notice of Intention is not required if:

> **(A)** the parties have signed and filed Waivers of Notice of Intention to File the Praecipe to Transmit Record; or

> **(B)** the court finds that an attorney has not entered an appearance on the defendant's behalf and that the defendant cannot be located after a diligent search; and

**(vi)** the party requesting the divorce decree has completed and filed a Praecipe to Transmit Record. If the parties have not waived the Notice of Intention to File the Praecipe to

Transmit Record, the moving party shall wait a minimum of 20 days after service of the Notice of Intention to File the Praecipe to Transmit Record before filing the Praecipe to Transmit Record.

Pa.R.C.P. 1920.42(c)(1)(i)-(vi).

Husband died prior to entry of a divorce decree. Divorce Code Section 3323 addresses this situation:

**(d.1)** *Death of a party.* In the event one party dies during the course of divorce proceedings, no decree of divorce has been entered and grounds have been established as provided in subsection (g), the parties' economic rights and obligations arising under the marriage shall be determined under this part rather than under 20 Pa.C.S.[A.] (relating to decedents, estates and fiduciaries).

….

**(g) Grounds established.** For purposes of subsection[] … (d.1), grounds are established as follows:

….

**(3)** In the case of an action for divorce under section 3301(d), an affidavit has been filed and no counter-affidavit has been filed or, if a counter-affidavit has been filed denying the affidavit's averments, the court determines that the marriage is irretrievably broken and the parties have lived separate and apart for at least one year at the time of the filing of the affidavit.

23 Pa.C.S.A. § 3323(d.1), (g)(3).

We address Appellant's first two issues together, as they are related. Appellant first argues that, prior to his death, Husband met the statutory requirements for having the parties' economic rights adjudicated under the Divorce Code. Appellant's Brief at 17. Specifically, Appellant claims that

Husband established grounds for divorce under 23 Pa.C.S.A. § 3301(d) (irretrievable breakdown). Appellant's Brief at 18-19. Appellant asserts there are only two criteria for establishing grounds for divorce pursuant to section 3301(d): (1) irretrievable breakdown of the marriage, and (2) the parties have lived apart for at least one year. *Id.* at 19. According to Appellant, these criteria were met because (a) Wife's September 21, 2021, complaint alleged the parties' marriage was irretrievably broken; (b) Husband filed an affidavit (Affidavit) confirming the marriage was irretrievably broken and that the parties had lived apart for at least one year; and (c) Wife did not deny either allegation in Husband's Affidavit. *Id.* at 19. Appellant asserts, "[i]f Husband's Affidavit averments are unchallenged, grounds [for divorce] are established." *Id.*

Appellant contends that on January 19, 2024, Wife had served a Counter-Affidavit on Husband, which did not deny the averments of Husband's Affidavit. *Id.* at 20. Appellant acknowledges this Counter-Affidavit was "E-Filed" but not docketed. *Id.* Appellant contends,

> [t]he failure to docket the counter-affidavit also satisfied the requirement of **§ 3323(g)(3) … and no Affidavit has been filed, or if a Counter-Affidavit has been filed denying the affidavit's averments** …. Under both statutes, grounds [for divorce] have been established and neither [statute] requires Wife to file a Counter Affidavit to establish grounds….

*Id.* (emphasis in original). Appellant disputes the trial court's determination that Wife had to admit the allegations of Husband's Affidavit, *prior to his death*, to establish grounds for divorce under Section 3301(d). *Id.* at 21.

- 7 -

Appellant also disputes the trial court's application of our decision in **Shell**, claiming the trial court

> misconstrues the *dicta* in **Shell** …, and confuses the procedural rules for requesting the entry of a [divorce] decree with those needed for establishing grounds for divorce under [Section 3301](d.1). No language in § 3301(d), § 3323(d.11) or § 3323(g)(3) require[s] that a divorce decree be entered before grounds for divorce are established….

*Id.* at 22 (some capitalization modified). Appellant claims,

> [a] clear reading of [Section 3323(d.1)] makes the date of the filing [of] the § 3301(d) Affidavit the determining date for grounds rather than an additional twenty (20) day time frame for Wife to "possibly" file a Counter-Affidavit when no filing is required….

*Id.* at 24.

In her second issue, Appellant argues that our decision in **Shell** did not impose a twenty-day waiting period, after the Affidavit is filed, to establish grounds for divorce under Section 3301(d). *Id.* at 25. According to Appellant, the sole issue in **Shell** was whether the decedent was required to file the Section 33011(d) Affidavit to establish grounds for divorce. *Id.* at 27. Appellant posits this Court's discussion regarding the interplay between the Rules of Civil Procedure and the statutes was *dicta*, and therefore not binding. *Id.* According to Appellant, the procedural rules governing Section 3301(d) Affidavits have been met, and nothing further was required by Husband to establish grounds for divorce under that section. *Id.* at 28.

As this case involves statutory interpretation, we are mindful of the following:

[t]he Statutory Construction Act directs that the object of all interpretation and construction of statutes is to ascertain and effectuate the legislature's intent. 1 Pa.C.S.[A.] § 1921(a); **Chanceford Aviation Properties, LLP v. Chanceford Twp. Bd. of Supervisors**, … 923 A.2d 1099, 1104 (Pa. 2007). Generally, the best indicator of legislative intent is the plain language of the statute. **Walker v. Eleby**, … 842 A.2d 389, 400 (Pa. 2004). In construing statutory language, "[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage[.]" 1 Pa.C.S.[A.] § 1903(a). When the words of a statute are clear and unambiguous, there is no need to look beyond the plain meaning of the statute "under the pretext of pursuing its spirit." 1 Pa.C.S.[A.] § 1921(b); **Commonwealth v. Conklin**, … 897 A.2d 1168, 1175 (Pa. 2006). Only "[w]hen the words of the statute are not explicit" may a court resort to the rules of statutory construction, including those provided in 1 Pa.C.S.[A.] § 1921(c). **Chanceford**, 923 A.2d at 1104. A statute is ambiguous when there are at least two reasonable interpretations of the text under review. **See Del**[**.**] **Cnty. v. First Union Corp.**, 992 A.2d 112, 118 (Pa. 2010). Moreover, "[s]tatutes *in pari materia* shall be construed together, if possible, as one statute." 1 Pa.C.S.[A.] § 1932. Finally, it is presumed "[t]hat the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable." 1 Pa.C.S.[A.] § 1922(1).

**Shell**, 304 A.3d at 405.

Similarly,

[i]n construing the Rules of Civil Procedure, as the ultimate promulgator of said Rules, it is the intent of our Supreme Court that controls. In performing our task, we also look to the tools of statutory construction. In analyzing the intent of our Supreme Court, the best indication of said intent is the plain language of a rule. In pursuing that end, we are mindful that when the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. In addition, words and phrases shall be construed according to rules of grammar and according to their common and approved usage while any words or phrases that have acquired a peculiar and appropriate meaning must be construed according to that meaning. Also, we presume that our Supreme Court does not

- 9 -

intend a result that is absurd, impossible of execution or unreasonable.

*Horwath v. DiGrazio*, 142 A.3d 877, 880 (Pa. Super. 2016) (internal citations, quotations, and brackets omitted).

In *Shell*, this Court addressed a situation in which husband died prior to filing the affidavit required by section 3323(g)(3). This Court addressed whether grounds for divorce are established where the parties have not met Pa.R.C.P. 1920.42's procedural requirements. *Shell*, 304 A.3d at 411-12. This Court explained,

> [w]hen the General Assembly enacted Section 3323(g)(3), it was presumably aware of Rule 1920.42(c) and the several procedural prerequisites for obtaining a divorce under Section 3301(d). Among these requirements are not only filing proof of service of the complaint[,] but also filing of an affidavit under Section 3301(d) and serving the other party with both the affidavit and a blank counter-affidavit. *See* Pa.R.C.P. 1920.42(c)(1)(i)-(iii). Indeed, these requirements correspond to those that the General Assembly laid out in Section 3301(d), which permits divorce (1) where a complaint has been filed alleging that the marriage is irretrievably broken, (2) an affidavit has been filed alleging that the parties have lived separate and apart for a period of at least one year and that the marriage is irretrievably broken, **and** (3) the defendant either does not deny the allegations in the affidavit or denies one or more of the allegations in the affidavit but, after notice and hearing, the court determines that the parties have lived separate and apart for a period of at least one year and that the marriage is irretrievably broken. *See* 23 Pa.C.S.[A.] § 3301(d). Thus, … we find that Sections 3301(d) and 3323(g)(2) have not only substantially identical phrasing but also aims in ensuring that grounds for divorce are not established under Section 3301(d) until one of the parties has filed an affidavit with the required allegations **and the other party either admits the allegations or, if the allegations are denied, the trial court determines that the parties have lived separate and apart for a period of at least one year and the marriage is irretrievably broken.**

- 10 -

***Shell***, 304 A.3d at 411-12 (emphasis added).

Rule of Civil Procedure 1920.42 requires not only the service of the affidavit and blank counter-affidavit "consistent with Pa.R.C.P. No. 1930.4," but that the other party must have either "admitted or failed to deny the averments in the Affidavit[.]" Pa.R.C.P. 1920.42(c)(iii). Under Section 3301(d), the allegations are not deemed admitted before the 20-day time period for filing a counter-affidavit has elapsed. 23 Pa.C.S.A. § 3301(d).

Instantly, Husband filed his first Affidavit on December 29, 2023, and his second Affidavit on January 4, 2024. At the time of Husband's death, the provisions of Pa.R.C.P. 1920.42(c)(iii) had not been met, as the 20-day time period had not expired. Husband filed his second Affidavit on January 4, 2024, the day of his death. Although Wife is alleged to have served a Counter-Affidavit on Husband's counsel, no Counter-Affidavit was filed as of the date of Husband's death. Further, the Counter-Affidavit is not in the certified record.[1] Under Divorce Code Section 3323(g)(3), grounds are only established when the Affidavit is deemed admitted or a Counter-Affidavit is filed denying the claims. No such event occurred in this case.

---

[1] Those items that do not appear of record do not exist for appellate purposes. ***Stumpf v. Nye***, 950 A.2d 1032, 1041 (Pa. Super. 2008). There is a dispute as to whether the Counter-Affidavit was filed by Wife and then withdrawn. However, this does not affect our decision. We view the record as it existed on the date of Husband's death.

As the trial court explained in its opinion,

[the trial court] could not find that Wife had either admitted or failed to deny the averments at the time of Husband's death. Rule 1920.42 and Rule 1920.72 make clear that Wife had 20 days following the filing of Husband's 3301(d) affidavit to file a counter-affidavit before those allegations could be deemed to be admitted. Husband died before the expiration of those 20 days. As the Court stated in **Shell**, the other party must either admit the allegations or deny the allegations in the 3301(d) Affidavit. Here, grounds for divorce were not established at the time of Husband's death because Wife did not admit or deny the allegations.

Trial Court Opinion, 4/8/24, at 9. We discern no error in this regard. Accordingly, Appellant's first two issues merit no relief.

In her third issue, Appellant argues that because Wife served a signed Counter-Affidavit on January 19, 2024 (*i.e.*, the same day she filed a motion to discontinue her divorce action), she should be judicially estopped from taking a position contrary to her Counter-Affidavit. Appellant's Brief at 35.

The purpose of the judicial estoppel doctrine "is to uphold the integrity of the courts by preventing parties from abusing the judicial process by changing positions as the moment requires." **Bugosh v. Allen Refractories Co.**, 932 A.2d 901, 912 (Pa. Super. 2007) (citation and quotation marks omitted).

[A]s a general rule, a party to an action is estopped from assuming a position inconsistent with his or her assertion in a previous action, if his or her contention was successfully maintained. Accordingly, judicial estoppel is properly applied only if the court concludes the following: (1) that the appellant assumed an inconsistent position in an earlier action; and (2) that the appellant's contention was successfully maintained in that action.

- 12 -

***Black v. Labor Ready, Inc.***, 995 A.2d 875, 878 (Pa. Super. 2010) (citations

and quotation marks omitted).

In ***Shell***, this Court rejected a similar argument:

First, while [w]ife's petition stated that "grounds here have been established for the divorce to proceed," the petition neither alleged that the marriage was irretrievably broken nor that the parties have lived separate and apart for the requisite period, **both of which would need to be attested to in an affidavit or determined to be established by a trial court under Section 3323(g)(3).**

***Shell***, 304 A.3d at 413 (emphasis added).

Instantly, Wife's complaint alleged the following:

The marriage has been irretrievably broken and/or in the alternative, [Husband] has offered such indignities to the person of [Wife], the innocent and injured spouse, so as to render her condition intolerable and life burdensome.

Complaint, 9/20/21, ¶ 6. Wife included no averments regarding the length of

the parties' separation. Further, grounds were not established in accordance

with 23 Pa.C.S.A. § 3323(g)(3), as Husband died before his Affidavit could be

deemed denied. Finally, there are no prior actions successfully maintained by

Wife. Under these circumstances, we conclude the doctrine of judicial estoppel

does not apply. ***See Shell***, 304 A.3d at 413. Appellant's third issue merits

no relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

9/5/2024