J-A06025-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ESTATE OF VIRGINIA TINKER-MOOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PETER MOOR | : | No. 2040 EDA 2024 |

Appeal from the Order Entered July 11, 2024
In the Court of Common Pleas of Philadelphia County Domestic Relations
at No(s): D19048491

BEFORE:   PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                 **FILED APRIL 14, 2025**

Appellant, Estate of Virginia Tinker-Moor,[1] appeals from the July 11, 2024, order entered in the Court of Common Pleas of Philadelphia County, Domestic Relations, which, *inter alia*, abated the divorce action between Virginia Tinker-Moor ("Wife") and Appellee, Peter Moor ("Husband"), and dismissed it with prejudice due to Wife's death. Appellant challenges the trial court's application of Section 3323(d.1) of the Divorce Code. Upon review, we affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] We note that Wife's sister was appointed executrix of Wife's estate, and accordingly, she is the representative for the Estate of Virginia Tinker-Moor in this matter.

The relevant facts and procedural history are as follows: Wife and Husband were married on August 16, 1996. Wife filed a divorce complaint on April 15, 2019, pursuant to 23 Pa.C.S.A. § 3301(d), which permits a court to grant a divorce based on irreconcilable differences. Section 3301(d) requires that a party file an affidavit stating the parties (1) have irreconcilable differences and (2) have been separated for at least one year. 23 Pa.C.S.A. § 3301(d). On October 10, 2023, Wife signed a Section 3301(d) affidavit ("Affidavit"). On October 12, 2023, Wife's counsel sent Husband an email with a non-filed copy of the Affidavit and a Notice of Intention to Request Entry of Section 3301(d) Divorce Decree ("Notice") attached thereto.

On October 16, 2023, Wife died. On October 17, 2023, the prothonotary received and docketed Wife's Affidavit, as well as the Notice. On November 1, 2023, Husband filed an objection to the Notice and a motion to strike the Affidavit, requesting that the trial court abate the divorce action due to Wife's death. On July 11, 2024, after a hearing, the trial court entered an order abating the divorce action and dismissing it with prejudice. The court further found Husband's motion to strike to be moot. Appellant timely appealed, and all Pa.R.A.P. 1925 requirements have been met.

On appeal, Appellant raises the following issue in the "Statement of the Questions Involved" (verbatim): "Can a divorce be abated and dismissed with prejudice when a § 3301(d) affidavit and certificate of service of that affidavit and counter-affidavit have been recorded?" Appellant's Brief at 4.

- 2 -

Initially, we note that "Pennsylvania courts have long held that an action in divorce abates upon the death of either party[.]" *In re Estate of Easterday*, 171 A.3d 911, 917 n.6 (Pa.Super. 2017). "The rationale for this principle is that an action in divorce is personal to the parties, and upon the death of either party, the action necessarily dies." *Berry v. Berry*, 197 A.3d 788, 803 (Pa.Super. 2018). "The primary purpose of divorce is to change the relation of the parties; and, when the death of a party occurs, that purpose can no longer be achieved because the marital relationship has been ended by death." *Id.*

> [However,] this [legal precept] created the possibility that although spouses may be in the process of dividing their marital estate, a surviving spouse could receive an unintended windfall [] to the detriment of the deceased spouse's estate…by not only laying claim to all marital property but also exercising the right to the elective share of one-third of decedent's non-marital property.

*In re Estate of Easterday*, 209 A.3d at 339 n.8 (citations omitted).

Accordingly, in 2005, our Legislature amended the Divorce Code and included Section 3323(d.1) to provide an exception to this common law rule. *See* 23 Pa.C.S.A. § 3323(d.1) ("Death of a party."). Section 3323(d.1) provides that if "grounds have been established, then, although no divorce decree will be granted posthumously, the parties' economic rights and obligations are determined under the Divorce Code rather than the elective share provision of the Probate Code." *Berry*, 197 A.3d at 803.

Specifically, Section 3323(d.1) provides, in relevant part:

In the event one party dies during the course of divorce proceedings, no decree of divorce has been entered, and grounds have been established as provided in subsection (g), the parties' economic rights and obligations arising under the marriage shall be determined under this part rather than under 20 Pa.C.S.[A.] (relating to decedents, estates and fiduciaries).

23 Pa.C.S.A. § 3323(d.1). Subsection (g) further provides, in relevant part, that "grounds" are established when:

In the case of an action for divorce under section 3301(d), an affidavit has been filed and no counter-affidavit has been filed or, if a counter-affidavit has been filed denying the affidavit's averments, the court determines that the marriage is irretrievably broken and the parties have lived separate and apart for at least one year at the time of the filing of the affidavit.

23 Pa.C.S.A. § 3323(g).

Moreover, we note that Pennsylvania Rule of Civil Procedure 1920.42 authorizes entry of a divorce decree under Section 3301(d), without further proceedings, when the parties have satisfied certain filing and notice requirements, including one spouse filing and serving upon the other spouse an affidavit stating that the parties meet the Section 3301(d) requirements, along with a blank counter-affidavit. Pa.R.C.P. 1920.42(c).[2] Also, and most

---

[2] Specifically, Pa.R.C.P. 1920.42(c), obtaining a divorce decree under Section 3301(d) of the Divorce Code, provides:

(1) If a party has filed a complaint requesting a divorce on the ground of irretrievable breakdown and the requisite separation period has elapsed, the court shall enter a decree in divorce after:
    (i) proof of service of the complaint has been filed;
    (ii) a party has signed and filed an Affidavit under Section 3301(d) of the Divorce Code averring that the marriage is irretrievably broken and that the parties

*(Footnote Continued Next Page)*

- 4 -

important to our analysis, the Rules do not authorize the trial court to enter the divorce decree until the other spouse has had 20 days to respond. *Id.* *See* Pa.R.C.P. 1920.72.

Here, in the case *sub judice*, Appellant avers that the trial court misapplied Section 3323(d.1). Specifically, Appellant argues that the trial court incorrectly interpreted the statute and added a requirement that a spouse establish grounds for divorce "prior to death." Appellant's Brief at 8. Appellant avers that if a Section 3301(d) affidavit is disputed, Section 3323(g) states "the court determines" whether the affidavit is valid. *Id.* at 9. Appellant argues that this language—in the future tense—indicates that grounds for divorce under Section 3301(d) does not have to be satisfied prior to the death of a party because, according to Appellant, the statute allows the

---

have been separate and apart for the required separation period;

(iii) the filed Affidavit and a blank Counter-Affidavit under Section 3301(d) of the Divorce Code have been served on the other party consistent with Pa.R.C.P. No. 1930.4, and the other party has admitted or failed to deny the averments in the Affidavit under Section 3301(d) of the Divorce Code;

(A) If a party files a Counter-Affidavit under Section 3301(d) of the Divorce Code denying an averment in the Affidavit under Section 3301(d) of the Divorce Code, including the date of separation, either party may present a motion requesting the court resolve the issue.

Pa.R.C.P. 1920.42(c)(1)(i), (ii), (iii)(A).

court to proceed with a hearing to determine whether the elements of the affidavit are satisfied, even after the death of a party. *Id.* at 10.

Appellant's issue pertains to the interpretation of Section 3323(d.1), which is a question of law for which "our standard of review is *de novo*, and our scope of review is plenary." *McWilliams v. McWilliams*, 324 A.3d 602, 605 (Pa.Super. 2024). Since this case involves statutory interpretation, we are mindful of the following:

> The Statutory Construction Act directs that the object of all interpretation and construction of statutes is to ascertain and effectuate the legislature's intent. 1 Pa.C.S.[A.] § 1921(a). Generally, the best indicator of legislative intent is the plain language of the statute. In construing statutory language, "[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage[.]" 1 Pa.C.S.[A.] § 1903(a). When the words of a statute are clear and unambiguous, there is no need to look beyond the plain meaning of the statute "under the pretext of pursuing its spirit." 1 Pa.C.S.[A.] § 1921(b). Only "[w]hen the words of the statute are not explicit" may a court resort to the rules of statutory construction, including those provided in 1 Pa.C.S.[A.] § 1921(c). A statute is ambiguous when there are at least two reasonable interpretations of the text under review. Moreover, "[s]tatutes *in pari materia* shall be construed together, if possible, as one statute." 1 Pa.C.S.[A.] § 1932. Finally, it is presumed "[t]hat the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable." 1 Pa.C.S.[A.] § 1922(1).

*McWilliams*, 324 A.3d at 608 (citations and quotations omitted).

As stated *supra*, Appellant urges this Court to interpret Section 3323(d.1) to allow parties to establish Section 3301(d) grounds for divorce after the death of a party. However, this Court is bound by our recent decision in *McWilliams*, which affirmed a trial court's abatement of divorce

proceedings when the parties had not established grounds for divorce under Section 3301(d) prior to the husband's death. **McWilliams**, 324 A.3d at 609-11.

In **McWilliams**, after the wife filed a divorce complaint pursuant to Section 3301(d), the husband proceeded to file two Section 3301(d) affidavits on December 29, 2023, and January 4, 2024. The husband died on January 4, 2023. On January 19, 2023, the wife filed a motion to discontinue the divorce proceedings. The trial court granted the wife's motion because the husband died prior to establishing the grounds for divorce. **McWilliams**, 324 A.3d at 604-05.

In affirming the trial court's decision, this Court reviewed the interplay of the Rules of Civil Procedure and the Divorce Code. We noted that, at the time of the husband's death, the provisions of Rule 1920.42(c)(1)(iii) had not been met because the 20-day period to respond to the husband's affidavit had not expired. **Id.** at 609. We held that "under Section 3323(g)(3), parties can only establish 'grounds' after the affidavit is deemed admitted or a counter-affidavit is filed denying the claims prior to the death of a party." **Id.** at 610. Accordingly, we held "grounds were not established in accordance with 23 Pa.C.S.A. § 3323(g)(3), as [the] [h]usband died before his [a]ffidavit could be deemed denied." **Id.** at 611.

Likewise, in the case *sub judice*, Appellant failed to established grounds in accordance with Section 3323(g) because Wife died before her Affidavit was

even filed. It is of no moment that Wife signed the Affidavit and emailed it to Husband prior to her death. Pursuant to **McWilliams**, in order for the grounds under Section 3323(g) to have been established, the claims in the Affidavit were required to be deemed admitted or a counter-affidavit needed to be filed prior to Wife's death. In this case, neither occurred.

Even if Wife had filed the Affidavit and properly served Husband before her death, which she did not, Husband would still have had 20 days to respond. **See** Pa.R.C.P. 1920.72. Until the 20 days to respond to the Affidavit elapsed, the trial court lacked authority to enter the divorce decree. **See** **McWilliams**, **supra**. That is, when one spouse dies during divorce proceedings, Section 3323(g) and Rule 1920.42(c)(1), read together, authorize a trial court to grant a divorce decree only when: (1) one spouse has filed an affidavit prior to the death and (2) the other spouse has either responded prior to the death or the 20 days to respond to the affidavit have elapsed prior to the death. **See** 23 Pa.C.S.A. § 3323(g); Pa.R.C.P. 1920.42(c)(1). **See also McWilliams**, **supra**.

Accordingly, we reject Appellant's argument that Section 3323 suggests that the grounds for divorce under Section 3301(d) can be satisfied after the death of a party. On the contrary, **McWilliams** clearly dictates that Section 3323(g) grounds must be established prior to the death of a party. We agree that the plain language of Section 3323(d.1) supports this holding. Specifically, Section 3323(d.1) requires that grounds for divorce must "have

been established" when the party dies for the parties' economic claims to be determined under the Divorce Code.

For the reasons above, we discern no error in the trial court's order to abate and dismiss the divorce proceedings with prejudice when Wife died prior to filing her Affidavit.

Order affirmed.

Judgment Entered.



Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/14/2025