J-A07029-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ERIN M. BANTA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SIMOAN L. BANTA | : | No. 710 MDA 2025 |

Appeal from the Decree Entered May 6, 2025
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
08605-2023

BEFORE:  BOWES, J., DUBOW, J., and NEUMAN, J.

MEMORANDUM BY DUBOW, J.:                **FILED: MAY 14, 2026**

Erin M. Banta ("Wife") appeals from the May 6, 2025 divorce decree entered in the Luzerne County Court of Common Pleas.  Wife challenges the trial court's legal authority to enter the divorce decree on the grounds that economic claims were still pending.  Wife, however, ignores the fact that she and Simoan L. Banta ("Husband") had executed a property settlement agreement ("PSA") and she failed to challenge its enforceability until she appealed the trial court's order.  Thus, we affirm.

The relevant procedural and factual history is as follows.  Husband and Wife were married in 2014 and have 3 children.  On August 21, 2023, Wife filed a divorce complaint under Section 3301(d) of the Divorce Code, asserting that the marriage was irretrievably broken and the parties had been living separate and apart for more than one year.  In the complaint, Wife included a count for equitable distribution.  Of most importance to our analysis, on

September 12, 2023, the parties executed a notarized PSA, which resolved the equitable distribution claims raised in the divorce complaint.

On December 12, 2024, Husband filed an Affidavit of Consent Under Section 3301(d) of the Divorce Code. On January 14, 2025, Wife filed a Counter-Affidavit opposing the divorce. In the Counter-Affidavit, Wife did not deny that the marriage was irretrievably broken or that the parties had been separated for one year. Rather, she asserted that economic claims were pending.

On January 14, 2025, Wife filed a document entitled "Economic Claims." In the "Economic Claims" filing, Wife "makes a claim" for equitable distribution of marital property including: various real estate holdings, four businesses, unspecified marital personal property, any and all martial pensions and retirement accounts, any life insurance policies, and marital motor vehicles. Economic Claims, 1/14/25, at ¶¶ 1-7. Notably, Wife's "Economic Claims" filing did not mention the PSA or challenge its enforceability. On February 19, 2025, Husband served upon Wife a Notice of Intention to File a Praecipe to Transmit the Record indicating that no ancillary claims were pending. Wife failed to respond. On March 27, 2025, 36 days later, Husband filed: 1) a Praecipe to Transmit the Record indicating that no ancillary claims were pending; 2) a proposed divorce decree; and 3) the September 2023 PSA. Wife failed to respond.

On May 5, 2025, 39 days later, the court granted the divorce decree and incorporated the PSA. Notably, Wife did not file a motion to vacate or open the divorce decree.

On June 2, 2025, Wife timely appealed. Both Wife and the trial court complied with Pa.R.A.P. 1925.

Wife raises the following issues for our review:

1. Did the trial court err and/or abuse its discretion in granting the [d]ecree in [d]ivorce, even though Wife had previously filed of record, on January 14, 2025, a counter-affidavit under Section 3301(d) of the Divorce Code opposing the entry of a [d]ivorce [d]ecree because there were economic claims pending?

2. Did the trial court err and/or abuse its discretion in the granting of [Wife]'s petition seeking enforcement of the PSA on the basis of unstated credibility determinations of the parties?

3. Was the trial court, in consideration of all the facts and circumstances surrounding this PSA[,] bound by special equitable principles to ensure a fair and just determination and settlement of property rights in divorces, in addition to applying regular contract principles?

4. Did the trial court err and/or abuse its discretion or commit an error of law as it appears from a review of the record that there is inadequate evidence to support the lower court's order?

Wife's Br. at 4-5 (reordered for ease of disposition).[1]

_____

[1] Wife failed to raise issues 3 and 4 in her Rule 1925(b) statement and likewise fails to provide argument regarding issues 3 and 4 in her brief to this court. Accordingly, they are waived and we decline to address them. **See** Pa.R.A.P. 1925(b)(4)(vii), 302(a), 2119(a); **see also Commonwealth v. Wright**, 314 A.3d 515, 523 (Pa. Super. 2024) (explaining that when an appellant fails to provide any discussion of an issue on appeal this Court will not address the issue).

"Our standard of review in divorce actions is well settled. It is the responsibility of this court to make a *de novo* evaluation of the record of the proceedings and to decide independently of the lower court whether a legal cause of action in divorce exists." ***Rich v. Acrivos***, 815 A.2d 1106, 1107 (Pa. Super. 2003) (citation and internal quotation marks omitted).

The crux of Wife's argument is that the trial court lacked the authority to enter the divorce decree pursuant to Section 3301(d) of the Divorce Code because there were economic claims pending. In particular, Wife argues that she asserted that economic claims were pending in her Counter-Affidavit, which opposed the entry of the divorce decree, as well as her filing entitled "Economic Claims," which set forth her specific claims for equitable distribution. Wife's Br. at 14-15. Wife argues that Rule 1920.42 requires ancillary claims to be resolved prior to the entry of the divorce decree. ***Id.*** Finally, Wife argues for the first time on appeal, that Husband coerced her into signing the 2023 PSA and threatened to stop paying the bills for her and their children if she did not sign it. ***Id.*** at 8.

Relevant to this appeal, Section 3301(d) provides that: "[t]he court may grant a divorce where a complaint has been filed alleging that the marriage is irretrievably broken and an affidavit has been filed alleging that the parties have lived separate and apart for a period of at least one year and that the marriage is irretrievably broken[.]" 23 Pa.C.S. § 3301(d)(1). The court may grant a divorce under Section 3301(d) without a hearing if the defendant "[d]oes not deny the allegations set forth in the affidavit." ***Id.*** at §

- 4 -

3301(d)(1)(i). Or, if the defendant does deny "one or more of the allegations set forth in the affidavit[,]" the court may grant a divorce after notice, a hearing, and determining that the marriage is irretrievably broken and that the parties have lived apart for a period of at least one year. *Id.* at § 3301(d)(1)(ii).

"Rule 1920.42 authorizes entry of a divorce decree under Section 3301(d), without further proceedings, when the parties have satisfied certain filing and notice requirements[.]" *McWilliams v. McWilliams*, 324 A.3d 602, 606 (Pa. Super. 2024). Relevant to this appeal, Rule 1920.42 provides that the court shall enter a divorce decree pursuant to Section 3301(d) after:

(1) complainant files proof of service of the complaint;

(2) a party has signed and filed an affidavit pursuant to Section 3301(d)(1) ("Affidavit");

(3) complainant serves the affidavit and a blank counter-affidavit on the other party and the other party has admitted or failed to deny the averments in the Affidavit;

(4) ancillary claims, including economic claims, have been withdrawn, resolved by agreement, have not been raised in the pleadings, or the court has retained jurisdiction of the ancillary claims;

(5) the party requesting the divorce decree has served a Notice of Intention to File the Praecipe to Transmit record a minimum of 20 days from the date of service of the Affidavit and blank counter-affidavit; and

(6) the party requesting the divorce decree has completed and filed a Praecipe to Transmit Record more than 20 days after serving the notice.

*See* Pa.R.Civ.P. 1920.42(c)(1)(i)-(vi).

Upon review, Husband followed the procedural requirements for a divorce under Section 3301(d) and Rule 1920.42. After Wife filed a divorce complaint, Husband filed an affidavit averring that the marriage is irretrievably broken and the parties have lived separate and apart for a period of at least one year as well as a blank counter-affidavit. Wife responded by filing a counter-affidavit opposing the divorce based only on the fact that economic claims were pending. Accordingly, the parties satisfied the first three prongs of Rule 1920.42. The fourth prong of Rule 1920.42 allows the parties to resolve ancillary claims by agreement, and Husband filed the PSA to satisfy this prong. Husband satisfied the fifth prong of Rule 1920.42 when he served upon Wife a Notice of Intention to File the Praecipe to Transmit Record ("Notice") more than 20 days after serving the Affidavit and blank counter-affidavit. Husband then filed a Praecipe to Transmit the Record 36 days after serving notice ("Praecipe"), which satisfied the sixth prong of Rule 1920.42 and, thus, compelled the court to issue a divorce decree pursuant to Section 3301(d).

While Wife asserted that economic claims were pending in her counter-affidavit, she failed to recognize that she had executed a PSA and/or challenge its enforceability. Moreover, Wife failed to respond when Husband filed the Notice or the Praecipe with attached PSA. Upon review of the PSA, the court deemed the economic claims, or ancillary claims, to be resolved. Trial Ct. Op., 9/9/25, at 10. Since Husband fulfilled the procedural requirements for a divorce under Section 3301(d), including filing a PSA to indicate that ancillary

claims were resolved, we discern no error in the trial court's issuing a divorce decree.

The trial court opined:

To put it simply, there was a complaint in divorce and the parties agreed to the irretrievable breakdown and separation in excess of one year. [Wife] properly asserted her economic claims in her complaint. 3301(d) affidavits and counter-affidavits were filed and properly served in accordance with the rules. The only issue pending was the economic claims. The Notice of Praecipe to Transmit the Record and actual filing of the Praecipe to Transmit the Record contained the [PSA]. Wife had the documents and did not contest the documents. The trial court was provided with a [PSA] executed by the parties resolving all issues.

*Id.* at 10. The court further found, "the filing of a document called Economic Claims post[-PSA] does not change that an agreement was entered, and the economic matters settled." *Id.* The trial court emphasized that 75 days passed from Husband's filing the Notice to the trial court's issuing a divorce decree, and during that time, Wife never asserted that any information in the PSA was "invalid, fraudulent or unenforceable" and never contested the jurisdiction of the court to enter the divorce decree with a petition to vacate or similar filing. *Id.*

We, too, find Wife's failure to challenge the enforceability of the PSA before the trial court to be dispositive. Wife's argument that the parties had not resolved the economic issues fails when it is undisputed that she executed a PSA.

Moreover, Wife did not challenge the enforceability of the PSA until she appealed the trial court's order. Wife had an opportunity to do so at the trial

court level after Husband filed the Praecipe with attached PSA, or at any time, but Wife remained silent and thus, lost the opportunity to argue that the PSA is unenforceable because Husband "coerced" her to sign it. *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

Decree affirmed.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 05/14/2026